**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **GEODATA SYSTEMS** | ) | **CASE NO. 1:14 CV 2407** |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **v.** | ) | |
| | ) | <u>**MEMORANDUM OF OPINION**</u> |
| **AMERICAN PACIFIC PLASTIC** | ) | |
| **FABRICATORS, INC.,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

This case is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint

for Lack of Personal Jurisdiction And Failure to State a Claim Upon Which Relief Can be

Granted, or in the Alternative, Motion to Transfer for Improper Venue. (**Doc #: 16**) and

Defendants' Motion for Leave to File Reply Memorandum, Instanter (**Doc #: 26**).  For good

cause shown, the Court **GRANTS** Defendants' Motion for Leave to File Reply Memorandum,

Instanter.  (**Doc #: 26**.)

The Court notes that Plaintiff filed an Amended Complaint without leave of court more

than six months after the Complaint was filed and nearly three months after Defendants' Motion

to Dismiss was filed.  (Doc #: 24.)  Under Fed. R. Civ. P. 15(a)(1)(A) and (B), a party may

amend its pleading once as a matter of course within 21 days after the amended complaint or

within 21 days after service of a Rule 12(b) motion.  Because Plaintiff did not file the Amended

Complaint within 21 days of service of the Complaint or Defendants' Rule 12(b) motion, the

Court **GRANTS** Defendants' Motion to Strike Plaintiff's Amended Complaint.[1]  (**Doc #: 25**.)

Based on this ruling, the Court **DENIES AS MOOT** the other motions related to the Amended

Complaint:  **Doc ##: 29, 30, and 31**.

## I.

  Plaintiff GeoData Systems Management, Inc. ("GeoData"), an Ohio corporation, has

filed this unfair competition lawsuit against two California corporations and two individual

residents of California:  American Pacific Plastic Fabricators, Inc. ("APPF"),  American Poly

Vinyl Corporation ("APV"), Hy Zornes, and Arthur Hochschild, III.  Because Defendants'

Motion to Dismiss challenges the Court's jurisdiction over Defendants, the Court must address

that part of the Motion first.

  It is well-established that a plaintiff bears the burden of establishing jurisdiction. *See*

*Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).  In the face of a properly

supported motion to dismiss and in the absence of an evidentiary hearing, a plaintiff may not

stand on its pleadings but must, by affidavit or otherwise, set forth specific facts showing that

the Court has jurisdiction.  *Id*.  The exercise of personal jurisdiction is valid only if it meets both

the state long-arm statute and constitutional due process.  *Calphalon Corp. v. Rowlette*, 228

F.3d 718, 721 (6th Cir. 2001).

---

 [1]In any event, the Amended Complaint does not allege facts that would be sufficient to establish
personal jurisdiction; it simply incorporates more fully the averments made by Mr. Jackim in his
affidavit supporting Plaintiff's Opposition to the Motion to Dismiss, i.e., that Defendants and
GeoData communicated by phone, email and (as now alleged) facsimile.  (Compare Doc #: 21-1
with Doc #: 24.)  As such, they do not add anything to the present jurisdictional dispute or impact
the substance of any of the claims.

In order to be subjected to personal jurisdiction consistent with constitutional due process, the defendant must "have certain minimum contacts with [the forum state] such that the maintenance of the suit [in the forum] does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted). For purposes of determining the due process limits of personal jurisdiction, a distinction is made between "general" and "specific" jurisdiction. *Third Nat'l. Bank in Nashville v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989).

General jurisdiction over a defendant exists when its "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir.2002) (citing *Third Nat'l Bank in Nashville*, 882 F.2d at1089). The Supreme Court recently issued a decision severely circumscribing the scope of general jurisdiction. In *Daimler AG v. Bauman*, 134 S.Ct. 746, 751 (2014), the Court held that general jurisdiction is only proper in a state where the corporation's "affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum state." The Court interpreted "at home" as the corporation's principal place of business and state of incorporation. *Id*. at 760. As the Supreme Court noted, "A corporation that operates in many places can scarcely be deemed to be at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' . . ." *Id*. at 762 n.20. Defendants assert that they reside in California (see Doc #: 26 at 7 of 16), and Plaintiff does not dispute this assertion. Thus, any argument that the Court has general jurisdiction over Defendants necessarily fails.

Specific jurisdiction applies when the defendant's contacts with the forum are related to the case at hand. *Cadle Co. v. Schlictmann*, 123 Fed App'x 675, 677 (6th Cir. 2005). A court may exercise specific jurisdiction over a defendant in a case only if the following three-part test is satisfied:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id*. (quoting *Southern Machine Co. v. Mahasco Ind., Inc*., 401 F.2d 374, 381 (6th Cir. 1968)). Defendants contend Plaintiff cannot establish the specific jurisdiction because "Plaintiff makes no factual allegation in its Complaint that Defendants purposefully availed themselves of the benefit of conducting business in Ohio," or suggesting that acts or consequences caused by them have a substantial enough connection with this forum to make the exercise of personal jurisdiction over them here reasonable. (Doc. No. 16 at 4, 5.)

In response to Defendants' motion and to demonstrate personal jurisdiction, Plaintiff submits the affidavit of GeoData's President Bruce A. Jackim. (*See* Doc. No. 21-1, Ex. A.) Mr. Jackim states that he had telephone and email contacts with Defendants at various times from 1997 to 2007 regarding Defendants making Naval Gunnery Target Balloons for GeoData customers. He states that he discussed GeoData's requirements, designs, and orders for Naval Gunnery Target Balloons with Defendants in various phone calls over the years; that GeoData's orders and instructions regarding the product were sent to Defendants in California by email; and that invoices from APPF were "received by email and paid by corporate check from GeoData's location in Cuyahoga County, Ohio." (*Id*, ¶¶ 2-7.) Relying on *Youn v. Track, Inc*.,

-4-

324 F.3d 409 (6th Cir. 2003), Plaintiff contends these phone and email contacts between GeoData and Defendants are sufficient to demonstrate specific jurisdiction over Defendants.

Plaintiff's position is not persuasive.  In *Youn*, the Sixth Circuit found that a defendant purposefully availed itself of an Ohio forum because the defendant did business with the plaintiff through an Ohio office, sent order confirmation faxes to the plaintiff from the Ohio office, and negotiated the subject agreement with the plaintiff in Ohio.  *Youn*, 324 F.3d at 419. In contrast, none of Defendants in this case had similar contacts with Ohio.  Plaintiff does not suggest that any Defendant has ever maintained or conducted business from an Ohio office. Indeed, Plaintiff does not contend that any Defendant has ever been physically present in Ohio, or engaged in any business operation here.  Instead, the only contacts Plaintiff contends Defendants had with this state are the phone and email communications with GeoData asserted by Mr. Jackim.  Sixth Circuit precedent establishes that such telephone and email contacts in developing interstate contracts do not constitute "purposeful availment" of a forum as is required to demonstrate specific personal jurisdiction.

For instance, in *Calphalon v. Rowlette*, an Ohio manufacturer sued a Minnesota corporation which entered into a contract to serve as the manufacturer's exclusive representative.  The defendant visited the Ohio manufacturer in Ohio twice and corresponded with the manufacturer from outside of Ohio via telephone, fax, and mail.  The Sixth Circuit held these contacts with Ohio did not demonstrate that the defendant "purposefully availed" itself of this forum.  The Sixth Circuit reasoned:

> In this case, the agreement and previous association between Calphalon and Rowlette centered on Rowlette representing Calphalon in the states of Minnesota, Iowa, South Dakota, North Dakota, and Nebraska.  Rowlette's performance of the agreement was not focused on exploiting any market for

-5-

> cookware in the state of Ohio.  Moreover, Rowlette's phone, mail, and fax
> contact with Calphalon in Ohio and J. Rowlette's physical visits there occurred
> solely because Calphalon chose to be headquartered in Ohio, not because
> Rowlette sought to further its business and create "continuous and substantial"
> consequences there.  *See id.*  Arguably, Rowlette would have served as
> Calphalon's representative in the designated states, regardless of Calphalon's base
> of operation.  Thus, Rowlette's contacts were precisely the type of "random,"
> "fortuitous," and "attenuated" contacts that the purposeful availment requirement
> is meant to prevent from causing jurisdiction.

*Calphalon*, 228 F.3d at 723.

Other Sixth Circuit precedent similarly indicates that a defendant's mere communications by email or telephone with a business located in a forum state are insufficient to demonstrate that the defendant purposefully availed itself of that forum.  *See, e,g.*, *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 151 (6th Cir. 1997) ("It is immaterial that Paragon placed telephone calls and sent faxes to Kerry Steel in Michigan.  To borrow language employed by this court in [*LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1301 (6th Cir.1989)], "[t]he telephone calls and letters on which the plaintiff's claim of jurisdiction primarily depends strike us as precisely the sort of 'random,' 'fortuitous' and 'attenuated' contacts that the *Burger King* Court rejected as a basis for haling non-resident defendants into foreign jurisdictions").  *See also LAK*, 885 F.2d at1301, citing *Scullin Steel Co. v. National Railway Utilization Corp.*, 676 F.2d 309, 314 (8th Cir.1982) (the use of interstate facilities such as the telephone and the mail is a "secondary or ancillary" factor and "cannot alone provide the 'minimum contacts' required by due process"), and *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1029 (5th Cir.1983), *cert. denied*, 466 U.S. 962 (1984) ("As for the exchange of communications [by telex, telephone and letter] between Texas and Alaska in the

development of the contract, that in itself is also insufficient to be characterized as purposeful activity invoking the benefits and protections of the forum state's laws").

Plaintiff has not met its burden of showing Defendants purposefully availed themselves of this forum.  There is nothing in Plaintiff's brief or Mr. Jackim's affidavit suggesting that Defendants purposefully reached out to, or availed themselves of, this forum in the jurisdictional sense.  Rather, as in *Calphalon*, the telephone and email contacts Defendants had with Ohio occurred because GeoData happens to be located here; Defendants would have provided Naval Gunnery Target Balloons to GeoData's customers regardless of where GeoData was located.  No facts detailed in Mr. Jackim's affidavit suggest Defendants sought to more broadly exploit a market for its products in this state, or to create continuous or systematic contacts here.

In sum, the Court finds that, as in *Calphalon*, Defendants' contacts with this state are "the type of 'random,' 'fortuitous,' and 'attenuated' contacts that the purposeful availment requirement is meant to prevent from causing jurisdiction."[2]  *Calphalon*, 228 F.3d at 723.  In that Plaintiff has not demonstrated Defendants are subject either to general or specific jurisdiction in this forum, Defendants' motion to dismiss this action on the basis of the lack of personal jurisdiction is granted.

The Sixth Circuit has instructed that where, as here, a court determines that it lacks personal jurisdiction over the defendants in a case, the court should either dismiss the case

---

[2]Given that Plaintiff has not demonstrated purposeful availment, it is not necessary for the Court to address the other criteria for establishing specific jurisdiction as "each criterion represents an independent requirement, and failure to meet any one of the three means that personal jurisdiction may not be invoked." *LAK*, 885 F.2d at 1301.

without prejudice, or, in the interest of justice, transfer it to a court that has personal jurisdiction over the defendants pursuant to 28 U.S.C. §§1406(a) or 1631. *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 Fed. App'x 468, 472 (6th Cir. 2012). Given that Plaintiff cannot bring his claims against Defendants in this forum, the Court presumes Plaintiff would desire to pursue them in a forum that has personal jurisdiction over Defendants, and the Court finds it in the interest of justice to transfer the case to the Central District of California, where personal jurisdiction over Defendants exists and proper venue lies.  Accordingly, the Court will transfer the case to the Central District of California.

## II.

For the aforementioned reasons, the Court **GRANTS** Defendants' Motion to Strike Plaintiff's Amended Complaint (**Doc #: 25**), and **DENIES AS MOOT** the motions related to the Amended Complaint (**Doc ##: 29, 30, 31**).  As well, the Court **GRANTS** Defendants' Motion for Leave to File Reply Brief, Instanter (**Doc #: 26**), and **GRANTS** Defendants' Motion to Dismiss the Complaint based on the lack of personal jurisdiction over Defendants (**Doc #: 16**).  Because the Court concludes that it lacks personal jurisdiction over Defendants, the Court **DIRECTS** the Clerk of Court to **TRANSFER** this case to the U.S. District Court for the Central District of California.

**IT IS SO ORDERED.**

  */s/ Dan A. Polster    May 27, 2015*
**Dan Aaron Polster**
**United States District Judge**