1  Amanda V. Dwight, SBN 187028
   DWIGHT LAW GROUP
2  2020 Main Street, Suite 600
   Irvine, CA 92614
3  Tel: (949) 515-0003
4  Fax: (949) 266-8680
   Email: adwight@dwightlawgroup.com
5  Attorneys for Defendants

6

7               **IN THE UNITED STATES DISTRICT COURT**

8           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9                        **SOUTHERN DIVISION**

10

11 GeoData Systems Management, Inc.        )    Case No.: 2:15-cv-04125 VAP (JEMx)
        Plaintiff                         )
12                                        )    **STIPULATION AND [PROPOSED]**
              v.                          )    **PROTECTIVE ORDER**
13                                        )    **GOVERNING DISCOVERY**
   American Pacific Plastic Fabricators,  )    **MATERIAL**
14 Inc., et al.                           )
                                          )
15                                        )
        Defendants.                       )
16 ─────────────────────────────────     )
   American Pacific Plastic Fabricators,  )
17 Inc., a California Corporation.         )    **Hon. Virginia A. Philips**
                                          )
18                                        )    Complaint Transferred:  June 4, 2015
        Counterclaimant                   )    Trial Date:  TBD
19                                        )
              v.                          )
20                                        )
21 GeoData Systems Management, Inc.,      )
   an Ohio Corporation, Bruce Jackim,     )
22 an individual.                          )
                                          )
23                                        )
        Counterdefendants.                )
24 ─────────────────────────────────     )

25

26

27

28

To expedite discovery, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, the parties to the above entitled action, by and through their respective counsel of record, hereby STIPULATE AND AGREE to entry of this ORDER governing discovery material pursuant to Federal Rule of Civil Procedure 26(c).

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties also acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1 "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 "Disclosure or Discovery Material": all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "**Confidential**" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 "**Highly Confidential — Attorneys' Eyes Only**" Information or Items: extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or non-party would create a substantial risk of serious harm to the Producing Party (as defined below) that could not be avoided by less restrictive means. Having such a designation in this case is necessary because certain Plaintiffs compete with certain Defendants, certain Plaintiffs compete against one another and certain Defendants compete against one another. By way of example and not limitation, the Parties anticipate that both they and non-parties will need to protect sensitive proprietary and financial information as "**Highly Confidential —**

**Attorneys' Eyes Only**" when the disclosure of such documents would pose a serious risk of competitive harm.

2.5 "Receiving Party": a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 "Producing Party": a Party or non-party that provides Disclosure or Discovery Material in this action.

2.7. "Designating Party": a Producing Party that designates information or items that it produces or discloses, whether in disclosures, discovery responses or deposition testimony, as "**Confidential**" or "**Highly Confidential -- Attorneys' Eyes Only.**"

2.8 "Protected Material": any Disclosure or Discovery Material that is designated as "**Confidential**" or as "**Highly Confidential — Attorneys' Eyes Only.**"

2.9. "Outside Counsel": attorneys who are not employees of a Party but who are retained to represent and/or advise a Party in this action.

2.10 "House Counsel": attorneys who are employees of a Party.

2.11 "Counsel" (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this action. "Expert" also includes a professional jury or trial consultant retained in connection with this litigation.

2.13 "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material. Disclosure or Discovery Material shall be used solely for the prosecution or the defense of this action, including any appeals, and shall not be used for any other purpose.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Court shall retain jurisdiction over the parties and such persons for enforcement of its provisions.

///

## 5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Producing Party must take care to limit any designations under this Order to specific material that qualifies under the appropriate standards, and certifies that the information constitutes or contains a trade secret or other confidential research, development, proprietary, commercial, financial, or personal information not generally known to members of the public, including but not limited to product or service information, business, marketing, or sales plans, strategies, and analyses, pricing information or plans, client information (including the identity of customers, contracts, customer communications, pricing agreements, and terms of any potential or actual loan), business policies and practices, the identity of employees or contractors, individual employment records, current and projected financial reports, statements, and analyses, revenue, cost and profit information, balance sheets and other financial information, organizational or company structural information; or could, if disclosed, result in competitive harm to the Designating Party. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are

shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"** on each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL —ATTORNEYS'**

1   EYES ONLY"). A Party or non-party that makes original documents or materials

2   available for inspection need not designate them for protection until after the

3   inspecting Party has indicated which material it would like copied and produced.

4   During the inspection and before the designation, all of the material made available

5

6   for inspection shall be deemed "**HIGHLY CONFIDENTIAL — ATTORNEYS'**

7   **EYES ONLY.**" After the inspecting Party has identified the documents it wants

8   copied and produced, the Producing Party must determine which documents, or

9

10  portions thereof, qualify for protection under this Order, then, before producing the

11  specified documents, the Producing Party must affix the appropriate legend

12

13  ("**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL — ATTORNEYS'**

14  **EYES ONLY**") on each page that contains Protected Material. If only a portion or

15  portions of the material on a page qualifies for protection, the Producing Party also

16

17  must clearly identify the protected portion(s) (e.g., by making appropriate markings

18  in the margins) and must specify, for each portion, the level of protection being

19

20  asserted (either "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL —**

21  **ATTORNEYS' EYES ONLY**").

22      (b) for testimony given in deposition or in other pretrial or trial proceedings,

23  that the Party or non-party offering or sponsoring the testimony identify on the

24  record, before the close of the deposition, hearing, or other proceeding, all protected

25

26  testimony, and further specify any portions of the testimony that qualify as

27

28

"HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to twenty days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the twenty-day period shall be covered by the provisions of this Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the

Case 2:15-cv-04125-VAP-JEM Document 87 Filed 02/18/16 Page 10 of 26 Page ID #:878

Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "**HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY.**"

5.3 Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY**" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY**" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Good faith disclosure of such material by any Designating Party prior to such later designation, however, shall not be deemed a violation of the provisions of this Order.

5.4 Inadvertent Production. Inadvertent production of any document in the course of this litigation – whether designated as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY**" or not designated at all – that producing party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to

Case 2:15-cv-04125-VAP-JEM Document 87 Filed 02/16/16 Page 11 of 26 Page ID #:877

waive any privilege. The producing party may request, in writing, the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party or non-party, such other party shall within five (5) business days return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and destroy any electronic copies thereof.

The party returning such material may then move the Court for an order compelling production of the material, but that party shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. The party returning the material may not further use or disclose the information until the claim of privilege is resolved and must take reasonable steps to (a) notify any person to whom the returning party has provided the information of the claim of privilege, and (b) request that such person not further use or disclose the information until the claim of privilege is resolved.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

Case 2:15-cv-04125-VAP-JEM   Document 87   Filed 02/16/16   Page 12 of 26   Page ID #:878

unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion pursuant to Local Rule 37 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL
CASE NO. 2:15-cv-04125-VAP (JEMx)

paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "**CONFIDENTIAL**" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated **CONFIDENTIAL** only to:

(a) the Receiving Party's Outside Counsel, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) engaged by or for the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL
CASE NO. 2:15-cv-04125-VAP (JEMx)

(g) an author or intended recipient (e.g., persons "cc'd" or "bcc'd") of the document or the original source of the information, or witnesses who reviewed the document before the commencement of this action, or who are reasonably believed to have previously received the document.

(h) a deposition witness if the witness is employed, at the time of his or her deposition, by the party that designated the Protected Material. Any document designated as Protected Material that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the Protected Material or the handwriting, provided that the attorney establishes through deposition testimony a reasonable and good faith basis for believing that the Protected Material or handwriting was or could have been authored by the deposition witness, and provided that the attorney takes reasonable steps to ensure that no unnecessary disclosure of Protected Material takes place (e.g., by showing the deposition witness a limited sample of the handwriting at issue).

7.3 Disclosure of "**HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY**" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "**HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY**" only to:

(a) the Receiving Party's Outside Counsel, as well as employee of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts engaged by or for the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); (e) an author or intended recipient (e.g., persons "cc'd" or "bcc'd") of the document or the original source of the information; (f) a deposition witness if the witness is employed, at the time of his or her deposition, by the party that designated the Protected Material. Any document designated as Protected Material that contains handwriting may be shown to a deposition witness for the purpose of determining whether the deposition witness is the author of the Protected Material or the handwriting, provided that the attorney establishes through deposition testimony a reasonable and good faith basis for believing that the Protected Material or handwriting was or could have been authored by the deposition witness, and provided that the attorney takes reasonable steps to ensure that no unnecessary disclosure of Protected Material takes place (e.g., by showing the deposition witness a limited sample of the handwriting at issue).

16

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL
CASE NO. 2:15-cv-04125-VAP (JEMx)

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL —ATTORNEYS' EYES ONLY**," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

## 10. FILING PROTECTED MATERIAL.

10.1 Compliance with Civil Local Rule 79-5 Required. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

10.2 Use of Protected Material in Filings with the Court. In the event a party wishes to use any Protected Material, or any papers containing or making reference to the contents of such Protected Material, in any pleading or document filed with the Court in this action, such pleading or document and Protected Material shall be redacted to conceal any Protected Material or shall be filed under seal. All materials

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL
CASE NO. 2:15-cv-04125-VAP (JEMx)

1   so filed shall be released from confidential treatment by the Clerk of the Court only

2   upon further order of the Court or pursuant to a stipulation of all Parties.

3         11. FINAL DISPOSITION.

4

5             Unless otherwise ordered or agreed in writing by the Producing Party, within

6   sixty days after the final termination of this action, each Receiving Party must return

7   or, at its option, destroy all Protected Material to the Producing Party. As used in

8

9   this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

10   summaries or any other form of reproducing or capturing any of the Protected

11   Material. With permission in writing from the Designating Party, the Receiving

12   Party may destroy some or all of the Protected Material instead of returning it.

13

14   Whether the Protected Material is returned or destroyed, the Receiving Party must

15   submit a written certification to the Producing Party (and, if not the same person or

16   entity, to the Designating Party) by the sixty day deadline that identifies (by

17

18   category, where appropriate) all the Protected Material that was returned or

19   destroyed and that affirms that the Receiving Party has not retained any copies,

20   abstracts, compilations, summaries or other forms of reproducing or capturing any

21   of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

22   retain an archival copy of all pleadings, motion papers, transcripts, legal

23

24   memoranda, correspondence or attorney work product, even if such materials

25   contain Protected Material. Any such archival copies that contain or constitute

26

27

28

Case 2:15-cv-04125-VAP-JEM Document 87 Filed 02/16/16 Page 20 of 26 Page ID #:886

Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order shall prevent any party or other person from seeking modification of this Order. Further, this Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced. Further, this Order is without prejudice to the right of any party to move the Court for entry of a separate protective order as to any particular document, evidence, or information.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 Designations Not Evidence. The Parties have stipulated to this Order to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like

Case 2:15-cv-04125-VAP-JEM  Document 87  Filed 02/16/16  Page 21 of 26  Page ID #:887

as Protected Materials, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

12.4 Expert Materials.

(a) Notwithstanding any contrary requirement, the parties shall not be required to disclose or produce in discovery or at trial any:  (i) drafts of expert reports, regardless of whether such drafts have been disclosed or otherwise transmitted to in-house or outside counsel, employees, or consultants for the party or parties who have retained such expert; (ii) notes or other documents prepared by the expert, or his or her staff, unless relied upon as a basis for his or her opinions; (iii) documents or information constituting or reflecting oral or written communications between the expert and his or her staff, unless relied upon as a basis for his or her opinions; or, (iv) documents or information constituting or reflecting oral or written communications between the expert and the party, parties, or counsel who retained the expert in this action, unless relied upon as a basis for his or her opinions.

(b) Experts, their staff, and counsel are free to discard, and need not  preserve, copies of any of the documents listed in sub-paragraphs (i) through (iv) above.

12.5 Interpretation. No provision of this Order, and no designation, failure to designate, objection, or conduct taken by any Designating Party in accordance therewith, shall constitute or be construed as: (a) a waiver by any person of any privilege or immunity that may apply to any Discovery Material; (b) a discharge or

party has obtained in discovery in this action, the party that has received the

subpoena or order shall notify the Designating Party of the pendency of such

subpoena or order within ten (10) business days of receiving the subpoena or order

or ten (10) business days before the date of production set forth in the subpoena or

order, whichever comes first. The Designating Party shall then have five (5)

business days to notify the person receiving the subpoena of the Designating Party's

intent to intervene to resist the subpoena. Should the Designating Party give notice

of such an intent, in writing, the party receiving the subpoena shall cooperate with

the Designating Party and take reasonable measures to protect the interests of the

Designating Party, including objecting to the subpoena on the basis of this Order

and taking steps necessary to withhold production while the intervening party's

motion is pending.

IT IS SO STIPULATED.

Dated: February 16, 2016          DWIGHT LAW GROUP


                                  _/s/Amanda V. Dwight_____
                                  Amanda V. Dwight
                                  Attorneys for Defendants and
                                  Counterclaimant

                                  LOWE & ASSOCIATES, P.C.

Dated: February 16, 2016          _/s/Steven T. Lowe_____
                                  Steven T. Lowe
                                  Attorneys for Plaintiff and Counterdefendants

23
STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL
CASE NO. 2:15-cv-04125-VAP (JEMx)

## ATTESTATION

I, Steven T. Lowe, attest that concurrence and authorization in the filing of this document has been obtained from each of the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 16, 2016, at Los Angeles, California.

/s/Steven T. Lowe
Steven T. Lowe
Attorney for Plaintiff and Counterdefendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 16, 2016 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

/s/Steven T. Lowe
Steven T. Lowe

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL
CASE NO. 2:15-cv-04125-VAP (JEMx)

# EXHIBIT A

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [full name], of _____

_____ [full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United States

District Court for the Central District of California on _____ [date] in the case of

*Geodata Systems Management, Inc. v. American Pacific Plastic Fabricators, Inc., et al.*, Case No.

*2:15-CV-04125 MMM (JEM)*.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order. I

further agree to submit to the jurisdiction of the United States District Court for the Central

District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [full name] of _____

_____ [full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL**
**CASE NO. 2:15-cv-04125-VAP (JEMx)**

Case 2:15-cv-04125-VAP-JEM Document 87-1 Filed 02/16/16 Page 1 of 1 Page ID #:893

# [PROPOSED] ORDER

Good Cause Appearing, the Court approves and enters this Stipulation and Protective Order Governing Discovery Material.


IT IS SO ORDERED.


DATED: 2/19/2016

_____
Hon. Virginia A. Phillips
UNITED STATES JUDGE

JOHN E. McDERMOTT
UNITED STATES MAGISTRATE JUDGE

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL
CASE NO. 2:15-cv-04125-VAP (JEMx)