UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04125-VAP (JEMx) | Date | July 22, 2016 |
|---|---|---|---|
| Title | GeoData Systems Management, Inc. v. American Pacific Plastic Fabricators, Inc., et al. | | |

| Present: The Honorable | **JOHN E. MCDERMOTT, UNITED STATES MAGISTRATE JUDGE** |
|---|---|

| S. Anthony | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION TO A. COMPEL PLAINTIFF'S CEO TO TESTIFY IN DEPOSITION ABOUT FELONY CONVICTION; B. COMPEL PLAINTIFF TO PRODUCE TELEPHONE RECORDS SUPPORTING A SUMMARY OF PHONE CALLS; C. COMPEL PLAINTIFF TO RESUME AND COMPLETE DEPOSITIONS OF GEODATA AND ITS CEO MR. JACKIM AND D. DETERMINE PLAINTIFF'S RESPONSE TO REQUESTS FOR ADMISSION TO BE INSUFFICIENT (Docket No. 133)**

Before the Court is a Motion to Compel Discovery ("Motion") presented by Defendants American Pacific Plastic Fabricators, Inc., Hy Zornes and Arthur Hoschschild, III ("Defendants") against Plaintiff GeoData Systems Management, Inc. ("Plaintiff" or "GeoData"). Specifically, Defendants seek an order compelling the following:

  1. Requiring GeoData President Bruce Jackim to testify fully and completely about a criminal conviction.

  2. Production of telephone records.

  3. Requiring the Plaintiff to resume and complete the deposition of its President in Cleveland, Ohio.

  3. Deeming Requests for Admission to be denied.

The parties have indicated that they have resolved items 2 and 3 above by themselves. Therefore, the Court will address only items 1 and 4.

As to Item 1, the Court has reviewed the transcript attached as Exhibit B to the Declaration of Steve Lowe which indicates Defendants were able to depose Bruce Jackim on his felony conviction to a significant extent. Defendants, moreover, concede that the felony conviction did not involve dishonesty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-04125-VAP (JEMx) | Date | July 22, 2016 |
|---|---|---|---|
| Title | GeoData Systems Management, Inc. v. American Pacific Plastic Fabricators, Inc., et al. | | |

or a false statement, which would require its admission at trial. Federal Rules of Evidence 609(a)(2). The Court does not believe that further testimony by Jackim on his felony conviction is necessary.

As to item 4, Defendants seek to strike Plaintiff's denials of Requests for Admission Nos. 1, 2, 28, 29, 30, 31, 32 and 33. In each instance, Plaintiff objects to the Requests as ambiguous. Generally speaking, ambiguity is not a ground for objection unless a responding party cannot in good faith present an intelligent reply. Fed. R. Civ. P. Rule 36(a)(4) requires a responding party to "fairly respond to the substance of the matter." Parties should "admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." Marchand v. Mercy Medical Center, 22 F.3d 933, 938 (9th Cir. 1994). Parties should attempt to reach agreement to resolve an ambiguity and a responding party must set forth in detail the reasons why they cannot truthfully admit or deny the matter. Id.; Fed. R. Civ. P. Rule 36(a). The Court also notes that under Rule 37(c)(2), if a party fails to admit a request and the requesting party proves the matter requested at trial, the responding party may be required to pay the moving party's attorney's fees.

The parties met and conferred on the asserted ambiguities and Defendants served definitions, but they were unable to resolve those ambiguities. It seems to the Court that the parties are quibbling over matters not truly in dispute. For example, in response to Request No. 1 that GeoData does not manufacture target balloons, it asserts that it cannot determine whether the Request means manufacturing is done in house versus outsourcing. In view of the authorities cited above, this Request could have been answered, "Admit if in house, Deny if outsourcing is included." The same analysis could be applied to the other disputed requests.

The Court believes that the parties must make a greater effort to resolve the ambiguities asserted to permit a fair response to the Requests as required. The Court will provide GeoData **10 days** to serve amended answers. If no amended answers are served by that date, then Defendants can file a second supplemental memorandum or seek fees if they succeed in proving the matters that are the subject of the requests.

cc: Parties

|  | : |  |
|---|---|---|
| Initials of Preparer | sa | |