STEVEN T. LOWE (SBN 122208)
**LOWE & ASSOCIATES, P.C.**
11400 Olympic Blvd., Suite 640
Los Angeles, CA  90064
Telephone:     (310) 477-5811
Facsimile:     (310) 477-7672
Email:         *steven@lowelaw.com*

Attorneys for Plaintiff:
GEODATA SYSTEMS MANAGEMENT, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GEODATA SYSTEMS MANAGEMENT, INC.,** an Ohio Corporation, <br><br> Plaintiff, <br><br> v. <br><br> **AMERICAN PACIFIC PLASTIC FABRICATORS, INC.,** a California Corporation; **HY ZORNES,** an individual: and **ARTHUR HOCHSCHILD, III,** an individual, <br><br> Defendants. | **CASE NO. 2:15-CV-04125 VAP (JEM)** <br><br> *Hon. Virginia A. Phillips* <br> *Courtroom 780 – Roybal Bldg.* <br><br> **BRIEF RE: ADMISSIBILITY OF CONVICTION OF BRUCE JACKIM** <br><br> **Trial Date: November 8, 2016** |

## BRIEF RE: ADMISSIBILITY OF CONVICTION OF BRUCE

## JACKIM

In 2003, Mr. Jackim was charged with felonious assault and resisting arrest. In 2005, Mr. Jackim was convicted of the lesser offense of assault and resisting arrest. Mr. Jackim subsequently appealed the conviction, and the conviction was reversed on September 14, 2006, and remanded for a new trial. In 2008, he was convicted a second time. See, Exhs A (2005 Conviction), B (Reversal), & C (2008 Conviction) attached hereto.

As a preliminary matter, given the events supporting the conviction took place in 2003 and the first conviction was in 2005, plaintiff contends that the time period is too attenuated to be admissible. However, even if Defendants seek to introduce evidence of Mr. Jackim's conviction for assault and resisting arrest in Ohio in 2008 for the purpose of impeaching his testimony it would be inadmissable. FRE 609 reads in relevant part:

> (a) The following rules apply to attacking a witness's character for
>
> truthfulness by evidence of a criminal conviction:
>
>> (1)   for a crime that, in the convicting jurisdiction, was
>>
>> punishable by death or by imprisonment for more than one year,
>>
>> the evidence:

(A) must be admitted, **subject to Rule 403**, in a civil case or in a criminal case in which the witness is not a defendant; and

(B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweights its prejudicial effect to that defendant; and

(2)     for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement. (emphasis added).

FRE 609(a)(1) is inapplicable because Mr. Jackim's conviction was punishable by a maximum prison term of 12 months pursuant to Ohio Revised Code §2929.14(A)(b)(5) and the requirements of 609(a)(1) require a punishment in excess of 1 year. (Exh. C p.1).  Instead, 609(a)(2) is applicable because, for *any crime,* this court must *readily determine* that the elements of the prior conviction required proving a *dishonest act or false statement.* Defendants' cannot overcome this hurdle.

The elements that must have been established for a violation under ORC §2903.13 for Assault are:

(a) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.

(b) No person shall recklessly cause serious physical harm to another or to another's unborn.

The elements that must be established for a violation under ORC 2921.33 for Resisting Arrest are:

(a) No person, recklessly or by force, shall resist or interfere with a lawful arrest of the person or another.

It is undisputed by the parties that Mr. Jackim's prior conviction does not contain a dishonest or false statement. Requiring a trial court to admit convictions in criminal cases that have little, if anything, to do with credibility lead to undesirable results. *See Generally, Diggs v. Lyons*, 741 F.2d 577 (3d Cir. 1984).

Moreover, this is not the first time Defendants have pressed this issue. On July 26, 2016 the Magistrate in this case, the Honorable John E. McDermott, ruled on a discovery matter seeking to compel Mr. Jackim to provide testimony in his deposition about his prior convictions. After fully briefing the issues including the applicability of FRE 609(a)(2), the Honorable John E. McDermott ruled as follows: "As to [requiring GeoData President Bruce Jackim to testify fully and completely about a criminal conviction], the Court has reviewed the transcript attached as Exhibit B to the Declaration of Steve Lowe which indicates Defendants

1   were able to depose Bruce Jackim on his felony conviction to a significant extent.

2   <u>Defendants, moreover, concede that the felony conviction did not involve</u>

3

4   <u>dishonesty or a false statement, which would require its admission at trial.</u> The

5   Court does not believe that further testimony by Jackim on his felony conviction is

6   necessary."(emphasis added). Docket # 146.

7

8        Defendants will presumably rely upon FRE 609(b) which reads in relevant

9   part:

10       (b) This subdivision applies if more than 10 years have passed since the

11

12          witness's conviction or release from confinement for it, whichever is

13          later. Evidence of the conviction is admissible only if:

14             (1) its probative value, supported by specific facts and circumstances,

15               substantially outweighs its prejudicial effect: and

16

17             (2) the proponent gives an adverse party reasonable written notice of

18               the intent to use it so that the party has a fair opportunity to contest

19

20               its use.

21        Defendants, in the joint stipulation, relied upon *United States v. White*, 463

22

23   F.2d 18, 20 (9th Cir. 1972) holding that any felony, whether or not it involves moral

24   turpitude, may be used to impeach.  However, *United States v. White* relied upon

25   *Burg v. United States*, 406 F.2d 235 (9th Cir. 1969); which held: "While prior

26   convictions might have some bearing on credibility, the trial court is not bound…to

27   permit impeachment in every case…There may well be other cases where the trial

28

judge believes the prejudicial effect of impeachment far outweighs the probative

relevance of the prior conviction to the issue of credibility." (*Burg* at 236). The

holding in *Burg* would require this Court to apply the balancing test of FRE 403.

FRE 403 reads:

The court may exclude relevant evidence if its probative value is

substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting

time, or needlessly presenting cumulative evidence.

The application of FRE 403 to determine whether otherwise relevant

evidence should be excluded based on its potential prejudicial effect requires a

fact-intensive, context-specific inquiry. *Sprint/United Management Co. v.*

*Mendelsohn,* (2008), 128 S.Ct. 1140, 552 U.S. 379, 170 L.Ed.2d 1. Where the

evidence is of very slight (if any) probative value, it's an abuse of discretion to

admit it if there's even a modest likelihood of unfair prejudice or a small risk of

misleading the jury. *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir. 1992). In this

case, there is a substantial danger of unfair prejudice. Mr. Jackim is Plaintiff's

primary witness. If the jury were to hear that he was convicted of a felony many

years ago, it could unfairly influence their decision. This analysis would weigh in

favor of excluding the 2nd conviction where it only occurred within the 10 year

period by virtue of the reversal of the 2005 conviction and where the probative

value could not survive the requirement of FRE 609(a)(2).

1    Based upon the forgoing, it is respectfully requested that Mr. Jackim's

2    conviction be excluded.

3

4

5                                                  Respectfully Submitted,

6                                                  **LOWE & ASSOCIATES, P.C.**

7    Date: November 3, 2016

8

9                                          By:    /s/ Steven T. Lowe

10                                                  Steven T. Lowe

                                                    Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

34961206

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

STATE OF OHIO
Plaintiff

Case No: CR-03-439646-ZA

Judge: JOSEPH D RUSSO

BRUCE JACKIM
Defendant

INDICT: 2903.11 FELONIOUS ASSAULT WITH PEACE
OFFICER SPECIFICATION
2903.13 ASSAULT ON A POLICE OFFICER
2921.33 RESISTING ARREST

## JOURNAL ENTRY

DEFENDANT IN COURT  WITH COUNSEL EDWARD M MULLIN.  PROSECUTING ATTORNEY GAYL BERGER
PRESENT.
COURT REPORTER  PRESENT.
THE JURY FINDS THE DEFENDANT GUILTY OF ASSAULT / 2903.13 - F4 THE LESSER INCLUDED OFFENSE UNDER
COUNT(S) 1 OF THE INDICTMENT.
THE JURY RETURNS A VERDICT OF GUILTY OF PEACE OFFICER SPECIFICATION RC 2935.01.
THE JURY RETURNS A VERDICT OF NOT GUILTY OF FELONIOUS ASSAULT / 2903.11 - AS CHARGED IN COUNT(S) 1
OF THE INDICTMENT.
THE JURY RETURNS A VERDICT OF GUILTY OF RESISTING ARREST / 2921.33 - M2 AS CHARGED IN COUNT(S) 3 OF
THE INDICTMENT.
COUNT(S) 2 IS/ARE NOLLED.
THE DEFENDANT IS REFERRED TO THE COUNTY PROBATION DEPARTMENT FOR A PRE-SENTENCE
INVESTIGATION AND REPORT.
ORIGINAL BOND CONTINUED.
** DEFENDANT ORDERED TO HAVE NO CONTACT WITH VICTIM.***
SENTENCING SET FOR 08/31/2005 AT 10:00 AM.

07/28/2005
CPDXM 08/01/2005 11:28:43

Judge Signature                      Date

8/2/05

THE STATE OF OHIO
Cuyahoga County.          SS.
I. GERALD E. FUERST, CLERK OF
THE COURT OF COMMON PLEAS
WITHIN AND FOR SAID COUNTY.
HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS TRULY
TAKEN AND COPIED FROM THE ORIGINAL
CR# 439 646
NOW ON FILE IN MY OFFICE.
WITNESS MY HAND AND SEAL OF SAID COURT THIS ____16____
DAY OF _____ 20 07
GERALD E. FUERST, Clerk
By _____ Deputy

PVER
07/28/2005

Exhibit                                    Page 1 of 1



35442902

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

FILED

**STATE OF OHIO**
Plaintiff

2005 SEP -7 A 8: 48

GERALD E. FUERST
CLERK OF COURTS
CUYAHOGA COUNTY

**BRUCE JACKIM**
Defendant

Case No: CR-03-439646-ZA

Judge: JOSEPH D RUSSO

INDICT: 2903.11 FELONIOUS ASSAULT WITH PEACE
OFFICER SPECIFICATION
2903.13 ASSAULT ON A POLICE OFFICER
2921.33 RESISTING ARREST

## JOURNAL ENTRY

DEFENDANT IN COURT WITH ATTORNEY EDWARD M MULLIN.
COURT REPORTER PRESENT.
ON A FORMER DAY OF COURT THE JURY RETURNED A VERDICT OF GUILTY OF ASSAULT / 2903.13 - F4 THE
LESSER INCLUDED OFFENSE UNDER COUNT(S) 1 OF THE INDICTMENT.
ON A FORMER DAY OF COURT THE JURY RETURNED A VERDICT OF GUILTY OF RESISTING ARREST / 2921.33 - M2
AS CHARGED IN COUNT(S) 3 OF THE INDICTMENT.
PROSECUTOR ADDRESSES THE COURT.
VICTIM/REP ADDRESSES THE COURT.
THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW.
AS TO COUNT 1,
THE COURT FINDS THAT A COMMUNITY CONTROL SANCTION WILL ADEQUATELY PROTECT THE PUBLIC AND
WILL NOT DEMEAN THE SERIOUSNESS OF THE OFFENSE. IT IS THEREFORE ORDERED THAT THE DEFENDANT IS
SENTENCED TO 12 MONTH(S) OF COMMUNITY CONTROL, UNDER SUPERVISION OF THE ADULT PROBATION
DEPARTMENT WITH THE FOLLOWING CONDITIONS: DEFENDANT TO ABIDE BY THE RULES AND REGULATIONS
OF THE PROBATION DEPARTMENT.
DEFENDANT TO PERFORM COURT COMMUNITY WORK SERVICE FOR 40 HOURS.
PARTICIPATE AND SUCCESSFULLY COMPLETE THE ANGER MANAGEMENT PROGRAM.
SUBMIT TO A MENTAL HEALTH ASSESSMENT AND RELEASE ALL INFORMATION TO THE PROBATION
DEPARTMENT.
VIOLATION OF THE TERMS AND CONDITIONS MAY RESULT IN MORE RESTRICTIVE SANCTIONS, OR A PRISON
TERM OF 16 MONTH(S) AS APPROVED BY LAW.
AS TO COUNT 3, DEFENDANT SENTENCED TO COUNTY JAIL FOR A TERM OF 6 MONTHS. SENTENCE SUSPENDED.
DEFENDANT TO SERVE 12 MONTHS PROBATION WITH THE SAME TERMS AND CONDITIONS AS IN COUNT1.
THE DEFENDANT IS ORDERED TO PAY A SUPERVISION FEE IN THE SUM OF $ 100.00.
FINE OF $1,000.00, SUSPENDED; DEFENDANT TO PAY RESTITUTION AS SET BY PROBATION.
APPELLATE RIGHTS EXPLAINED.
DEFENDANT IS TO PAY COURT COSTS.

08/31/2005
CPBXM 08/31/2005 15:47:27

PROCESSED
SEP 07 2005
GERALD E. FUERST, CLERK
IMAGED/ASSEMBLY
Judge Signature                Date

SENT
08/31/2005

Page 1 of 1

# Exhibit B

OCT – 3 2006

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 87012, 87400

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRUCE JACKIM

DEFENDANT-APPELLANT

### JUDGMENT:
### REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-439646

**BEFORE:**  Kilbane, J., Cooney, P.J., and Blackmon, J.

**RELEASED:**  September 14, 2006

**JOURNALIZED:**    OCT – 3 2006



VOL0621 PG0381

-i-

**ATTORNEYS FOR APPELLEE**

WILLIAM D. MASON
Cuyahoga County Prosecutor
GAYL BERGER
BRIAN M. MCDONOUGH
Assistant County Prosecutors
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLANT**

CATHERINE M. BRADY
7010 Pearl Road
Middleburg Heights, Ohio
44130

JOHN R. VINTILLA
20254 Hilliard Boulevard
Cleveland, Ohio

-1-

MARY EILEEN KILBANE, J.:

Bruce Jackim appeals his conviction on one count of assault of a police officer and one count of resisting arrest. He claims error in the trial court's denial of his motion for acquittal and in its failure to enforce subpoenas to material witnesses. He additionally claims error in the trial court's suppression of a videotape and in the denial of his motion for a new trial in light of prosecutorial misconduct. We reverse and remand for a new trial.

On May 25, 2003, Jackim and his wife, Nina Lynn Jurick Jackim, were shopping at Sam's Club in the city of Brooklyn, Ohio. After the cashier finished ringing their order, Jackim questioned her as to why the tax-exempt status of his Sam's Club business account was not appearing because the receipt showed a charge of $3.01 for sales tax. The cashier called Supervisor Ann Cefus for assistance. Ms. Cefus escorted the Jackims to the Customer Service Counter, where she referred them to Amy Valentine, Customer Service Clerk. Ms. Valentine took the Jackims' business account card and sales receipt and proceeded to check the account status.

When Ms. Valentine was unable to find any proof of tax-exempt status, she referred the Jackims to manager Suzanne Kellar, who was unable to immediately assist them because she was with another customer. Apparently unwilling to wait for Ms. Kellar to finish with the other customer, Jackim

-2-

vocalized his agitation.

When Jackim allegedly began to complain loudly, Dan Meadows, a Brooklyn police officer and Sam's Club security guard, approached Jackim. Officer Meadows asked him several times to calm down and twice asked for his identification. The acts that followed this conversation are disputed; however, the record indicates that Jackim and Officer Meadows engaged in a struggle. An altercation ensued, during which the pair fell on the ground. Officer Meadows attempted to handcuff Jackim, who was resisting, and used pepper spray to force Jackim's cooperation. Two other off-duty officers and one store employee helped subdue Jackim so Officer Meadows could restrain him. After the altercation, it was apparent to several witnesses that Officer Meadows' arm was bleeding; these same witnesses heard the officer say that Jackim bit him. Officer Meadows was briefly treated for his injuries at the store and was then taken to Deaconess Hospital for further treatment. He was later released.

On July 11, 2003, Jackim was indicted on one count of felonious assault of a police officer, in violation of R.C. 2903.11; assault on a police officer, in violation of R.C. 2903.13; and resisting arrest, in violation of R.C. 2921.33. On July 25, 2003, Jackim pleaded not guilty.

On July 18, 2005, the State filed a motion in limine to exclude the surveillance videotape, which was granted the following day.

-3-

On July 20, 2005, a jury trial began.  Jackim was found not guilty of felonious assault, in violation of R.C. 2903.11; guilty of the lesser included offense of assault, with a police officer specification, in violation of R.C. 2935.01; and guilty of resisting arrest.  Jackim was sentenced to one year of community control sanctions.  He appeals from this sentence in Court of Appeals Case No. 87012.

On November 1, 2005, Jackim moved for a new trial, citing the newly discovered evidence of a police report and the statements of two witnesses.  This motion was denied as moot, and Jackim moved for reconsideration.  When the trial court denied the motion for reconsideration, Jackim again appealed in Court of Appeals Case No. 87400.  Both cases were consolidated by this court for purposes of appeal.

We will address the second assignment of error which we find dispositive.

In his second assignment of error, Jackim asserts error in the trial court's granting of the State's motion in limine excluding the surveillance videotape and any testimony or reference at trial that related to this tape.  He contends that the videotape recorded the behavioral actions and conduct of the police and their mistreatment of him, and asserts that had the videotape and related witness testimony been introduced, he would have been acquitted of all charges.  As we find this assignment of error dispositive, we address it first.

-4-

This court discussed the standard of review for a ruling on a motion in limine in *Hocevar v. Rao*, (Dec. 3, 1998), Cuyahoga App. No. 72671:

> "*** **it is well established that a trial court's determination whether to admit or exclude evidence will not be reversed on appeal absent a clear and prejudicial abuse of discretion.** *O'Brien v. Angley* (1980), 63 Ohio St.2d 159, 163."

The admission and exclusion of evidence at trial is left to the discretion of the trial court. *State v. Dukes* (Mar. 22, 1996), Trumbull App. No. 93-T-4903. A reviewing court will not reverse an evidentiary determination of the trial court absent an abuse of discretion. *State v. Hardy* (Oct. 10, 1997), Portage App. No. 96-P-0129. In *State v. Rhodes*, Lake County App. No. 2000-L-089, 2001-Ohio-8693, at 16, the court addressed a similar issue involving the admission of audiotapes. The court found that when presenting evidence, the State bears the burden of establishing a chain of custody, and any breaks in that chain of custody relate to the weight, and not the admissibility, of that evidence. Moreover, "'the state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur,'" and any breaks in the chain of custody go to the weight of the evidence, not the admissibility. *Rhodes,* supra, quoting *State v. Blevins* (1987), 36 Ohio App.3d 147, 150.

We first address Jackim's failure to proffer any supporting evidence. Jackim failed to proffer his copy of the Sam's Club videotape and, instead,

-5-

proffered two still photographs from the videotape.  See Exhibit H.  He also

failed to proffer the expert report, affidavit, and curriculum vitae of his expert,

Tex Bynum.  By failing to proffer this evidence, Jackim has waived all but plain

error. *State v. Hartman*, 93 Ohio St.3d 274, 281, 2001-Ohio-1580; *State v. Allen*,

73 Ohio St.3d 626, 634, 1995-Ohio-283.  The decision to correct a plain error is

discretionary and should be made "with the utmost caution, under exceptional

circumstances and only to prevent a manifest miscarriage of justice." *State v.*

*Long* (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.  An alleged error

does not constitute plain error unless, but for the error, the outcome of the trial

clearly would have been otherwise.  *State v. Stojetz*, 84 Ohio St.3d 452, 455,

1999-Ohio-464.

Bearing this standard in mind, we note that the record reflects that in its

motion in limine, the State challenged the authenticity of the original Sam's

Club surveillance tape.  It claimed that Jackim could not authenticate or identify

that the copy of the Sam's Club tape in Jackim's possession was a duplicate of

the original.  The State also claimed that Jackim could not establish the chain

of custody as set forth in Rule 901 for the admission of evidence, citing to *State*

*v. Brown* (1995), 107 Ohio App.3d 194, 200.  Evid.R. 901(A) states the following:

> **"(A) General Provision.  The requirement of authentication
> or identification as a condition precedent to admissibility is
> satisfied by evidence sufficient to support a finding that the**

-6-

**matter in question is what its proponent claims."**

In examining the chain of custody, the trial court articulated its concern that Jackim's original counsel, Nancy Scarcella (Scarcella), failed to appear for trial despite subpoenas from both the State and the defense. Tr. at 9. Defense counsel outlined the chain, stating that Suzanne Kellar gave the videotape in question to Scarcella. When Scarcella was discharged, she gave the tape to Jackim's new trial counsel. From that point, trial counsel gave the tape to Jackim, who then turned the tape over to his expert, Tex Bynum. Tr. at 6-8. Once Mr. Bynum finished his analysis of the tape, it was then returned to Jackim, who then turned over the tape to his new trial counsel. Tr. at 7. After outlining this chain of custody, the trial court found that anyone who had the tape in his or her custody, including trial counsel and Jackim, could be called as a witness. Tr. at 10. The court, however, originally found that because Scarcella failed to appear and because she was at the beginning of the chain of custody, the tape could not be used. Tr. at 10.

Jackim's trial counsel placed great emphasis on the fact that from the outset of the case, it was never presumed that the tape obtained from Sam's Club was the original. Evidence of this fact is proven when the State itself cites to its "Response to Request Under Discovery Under Rule 16," sent August 7, 2003, subsection (c), which discloses that the following items are in its

-7-

possession:

> **"Prior to trial and at the convenience of defense counsel, the
> Prosecutor will permit inspection, copying and
> photographing of the items listed in Rule 16(B)(1)(c) and/or
> 16 (B)(1)(d).**
> **NOTICE OF EVIDENCE:**
> **- Photos**
> **- Medical Records**
> **- Videotape"**

The State concedes that it had a continuing duty to update discovery and

failed to do so.  The State further concedes that even if the State suggested at

the time of discovery that it had a tape, such a statement does not mean that

they actually had a tape, only that "perhaps we thought it might exist and to

cover ourselves." Tr. at 31.

Nonetheless, and despite the appearance that an original tape still existed,

the trial court found that Scarcella's failure to appear provided a clear break in

the chain of custody and, therefore, the introduction of the tape or any mention

of it during the trial was disallowed.  Tr. at 37-38.

However, any break in the chain of custody should have gone to the weight

of the evidence, and not to its overall admissibility.  By granting the State's

motion in limine and prohibiting the introduction of the videotape or any

mention of it during trial, the trial court's ruling went to the heart of Jackim's

charges.  Had the trial court allowed the videotape, the outcome of the trial

-8-

clearly may have been different.

For these reasons, Jackim's second assignment of error has merit and requires a new trial.

Because we find the second assignment of error dispositive, the remaining assignments of error are moot and we need not address them.  App.R. 12(A).

We reverse and remand this case to the trial court for a new trial consistent with this opinion.

-9-

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


*Mary Eileen Kilbane*
MARY EILEEN KILBANE, JUDGE


COLLEEN CONWAY COONEY, P.J., and
PATRICIA A. BLACKMON, J., CONCUR

ANNOUNCEMENT OF DECISION
PER APP. R. 22(B), 22(D) AND 26(A)
RECEIVED

SEP 1 4 2006

GERALD E. FUERST
CLERK OF THE COURT OF APPEALS
BY_____DEP.

FILED AND JOURNALIZED
PER APP. R. 22(E)

OCT - 3 2006

GERALD E. FUERST
CLERK OF THE COURT OF APPEALS
BY_____DEP.

NOTICE MAILED TO ...
FOR ALL PARTIES-COSTS TAXED

-10-

APPENDIX

ASSIGNMENTS OF ERROR

"I.   THE TRIAL COURT COMMITTED PLAIN ERROR
PURSUANT TO CRIMINAL RULE 52 BY NOT GRANTING
DEFENDANT'S MOTION FOR ACQUITTAL IN TOTAL
PURSUANT TO CRIMINAL RULE 29 WHERE THE RECORD
REFLECTS THAT THE WARRANTLESS ARREST WAS NOT
SUPPORTED BY A FINDING OF PROBABLE CAUSE
CONSTITUTING A STRUCTURAL ERROR IN THE
PROCEEDING.

II.   THE TRIAL COURT COMMITTED PREJUDICIAL
ERROR IN GRANTING THE PROSECUTION'S MOTION IN
LIMINE TO SUPPRESS THE SAM'S CLUB SURVEILLANCE
VIDEOTAPE AND ANY REFERENCE OR TESTIMONY
RELATED TO THE SAM'S CLUB SURVEILLANCE
VIDEOTAPE THROUGHOUT THE TRIAL PROCEEDINGS.

III.   DEFENDANT WAS DENIED A FAIR TRIAL BY THE
WITHHOLDING OF A MATERIAL, EXCULPATORY
WITNESS BY THE PROSECUTION ACERBATED BY THE
TRIAL COURT'S FAILURE TO ENFORCE SUBPOENAS
DIRECTED TO SAM'S CLUB TO PRODUCE RELEVANT
EMPLOYEE INFORMATION FROM WHICH COUNSEL FOR
DEFENSE COULD HAVE IDENTIFIED THIS WITNESS.

IV.   APPELLANT WAS DENIED HIS CONSTITUTIONAL
RIGHT TO A FAIR TRIAL THROUGH PROSECUTORIAL
MISCONDUCT AND PERVASIVE BIAS SHOWN BY THE
TRIAL COURT AS EVIDENCED BY NUMEROUS
IRREGULARITIES THROUGHOUT THE PROCEEDINGS.

V.   THE TRIAL COURT ERRED AND ABUSED ITS
DISCRETION IN DENYING APPELLANT'S MOTION FOR A
NEW TRIAL AS MOOT WHEN CRIMINAL RULE 33(A)(6)
AND R.C. 2945.80 PROPERLY ALLOW THE FILING WITHIN
120 DAYS OF THE VERDICT BASED ON NEWLY
DISCOVERED EVIDENCE PERMITTING THE COURT OF

-11-

APPEALS TO REMAND THE MATTER.

VI.   THE TRIAL COURT ERRED IN OVERRULING
DEFENSE COUNSEL'S OBJECTION TO THE JURY
INSTRUCTION FOR RESISTING ARREST 2921.33 AS
CONTRARY TO THE EVIDENCE."

# Exhibit C



54377884

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

STATE OF OHIO
    Plaintiff

Case No: CR-03-439646-ZA

Judge: DICK AMBROSE

BRUCE JACKIM
    Defendant

INDICT: 2903.11 FELONIOUS ASSAULT WITH PEACE
              OFFICER SPECIFICATION
        2903.13 ASSAULT ON A POLICE OFFICER
        2921.33 RESISTING ARREST

## JOURNAL ENTRY

DEFENDANT IN COURT WITH COUNSEL CATHERINE BRADY. PROSECUTING ATTORNEY BRIAN MCDONOUGH, TIFFANY HILL PRESENT.
COURT REPORTER PRESENT.
THE JURY RETURNS A VERDICT OF GUILTY OF ASSAULT ON A POLICE OFFICER 2903.13 - F4 AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT (AS AMENDED BY THE COURT PRIOR TO THE COMMENCEMENT OF TRIAL).
THE JURY RETURNS A VERDICT OF GUILTY OF RESISTING ARREST 2921.33 - AS CHARGED IN COUNT(S) 2 OF THE INDICTMENT (AS RENUMBERED BY THE COURT PRIOR TO TRIAL).
ORIGINAL BOND CONTINUED.
STATE OF OHIO ORDERED TO NOTIFY VICTIM OF DATE & TIME OF SENTENCING.
SENTENCING SET FOR 11/18/2008 AT 10:00 AM.

10/28/2008
CPDA1 11/05/2008 08:45:11

_____
Judge Signature              11/05/2008

MISC
10/28/2008

RECEIVED FOR FILING
11 05 2008 13:32 02
By: CLSJO
GERALD E. FUERST, CLERK

Page 1 of 1



54892186

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

STATE OF OHIO
  Plaintiff

BRUCE JACKIM
  Defendant

Case No: CR-03-439646-ZA

Judge: DICK AMBROSE

INDICT: 2903.11 FELONIOUS ASSAULT WITH PEACE
OFFICER SPECIFICATION
2903.13 ASSAULT ON A POLICE OFFICER
2921.33 RESISTING ARREST

## JOURNAL ENTRY

NUNC PRO TUNC ENTRY AS OF AND FOR 10/28/2008.
THE JURY RETURNS A VERDICT OF GUILTY OF RESISTING ARREST 2921.33 -***M2*** AS CHARGED IN COUNT(S) 2
OF THE INDICTMENT (AS RENUMBERED BY THE COURT PRIOR TO TRIAL).

12/04/2008
CPSJO 12/04/2008 14:24:24

_____
Judge Signature                12/04/2008

HEAR
12/04/2008

RECEIVED FOR FILING
12/05/2008 08:38:39
By: CLBIB
GERALD E. FUERST, CLERK

Page 1 of 1



54898048

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

STATE OF OHIO
    Plaintiff

Case No: CR-03-439646-ZA

Judge: DICK AMBROSE

BRUCE JACKIM
    Defendant

INDICT: 2903.11  FELONIOUS ASSAULT WITH PEACE
          OFFICER SPECIFICATION
        2903.13  ASSAULT ON A POLICE OFFICER
        2921.33  RESISTING ARREST

## JOURNAL ENTRY

DEFENDANT IN COURT WITH ATTORNEY CATHERINE BRADY.
PROSECUTOR BRIAN MCDONOUGH PRESENT.
COURT REPORTER PRESENT.
ON A FORMER DAY OF COURT THE JURY RETURNED A VERDICT OF GUILTY OF ASSAULT ON A POLICE OFFICER
2903.13 - F4 AS CHARGED IN COUNT(S) 1 OF THE INDICTMENT (AS AMENDED BY THE COURT PRIOR TO THE
COMMENCEMENT OF TRIAL).
ON A FORMER DAY OF COURT THE JURY RETURNED A VERDICT OF GUILTY OF RESISTING ARREST 2921.33 -M2
AS CHARGED IN COUNT(S) 2 OF THE INDICTMENT (AS RENUMBERED BY THE COURT PRIOR TO TRIAL).
PROSECUTOR ADDRESSES THE COURT.
DEFENDANT ADDRESSES THE COURT.
THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW.
AS TO COUNT 1,
THE COURT FINDS THAT A COMMUNITY CONTROL SANCTION WILL ADEQUATELY PROTECT THE PUBLIC AND
WILL NOT DEMEAN THE SERIOUSNESS OF THE OFFENSE. IT IS THEREFORE ORDERED THAT THE DEFENDANT IS
SENTENCED TO 12 MONTH(S) OF COMMUNITY CONTROL, UNDER SUPERVISION OF THE ADULT PROBATION
DEPARTMENT WITH THE FOLLOWING CONDITIONS: DEFENDANT TO ABIDE BY THE RULES AND REGULATIONS
OF THE PROBATION DEPARTMENT.
DEFENDANT TO PERFORM COURT COMMUNITY WORK SERVICE FOR 400 HOURS.
PARTICIPATE AND SUCCESSFULLY COMPLETE THE ANGER MANAGEMENT PROGRAM.
SUBMIT TO A MENTAL HEALTH ASSESSMENT AND RELEASE ALL INFORMATION TO THE PROBATION
DEPARTMENT.
VIOLATION OF THE TERMS AND CONDITIONS MAY RESULT IN MORE RESTRICTIVE SANCTIONS, OR A PRISON
TERM OF 16 MONTH(S) AS APPROVED BY LAW.
AS TO COUNT 2, DEFENDANT SENTENCED TO COUNTY JAIL FOR A TERM OF 90 DAYS. SENTENCE SUSPENDED.
DEFENDANT TO SERVE 12 MONTHS PROBATION WITH THE SAME TERMS AND CONDITIONS AS IN COUNT 1.
THE DEFENDANT IS ORDERED TO PAY A SUPERVISION FEE IN THE SUM OF $ 100.00.
FINE OF $750.00, SUSPENDED.
APPELLATE RIGHTS EXPLAINED.
DEFENDANT IS TO PAY COURT COSTS.

*THE COURT AT THIS TIME NOTES THAT DEFENDANT WAS PREVIOUSLY SENTENCED TO AND SERVED A
COMMUNITY CONTROL SANCTION IMPOSED BY THIS COURT. IN THAT REGARD, THE COURT CONSIDERS THAT
DEFENDANT HAS SUBSTANTIALLY COMPLIED WITH THE TERMS AND CONDITIONS OF COMMUNITY CONTROL
SET HEREIN AND THAT COMMUNITY CONTROL IS THEREFORE TERMINATED.
DEFENDANT TO PAY OUTSTANDING COSTS.
FINAL.

MISC
12/04/2008