1  ERNEST E. PRICE (SBN 164534)
   ARNOLD E. SKLAR (SBN 51595)
2  **ROPERS, MAJESKI, KOHN & BENTLEY**
   445 South Figueroa Street, Suite 3000
3  Los Angeles, California  90071-1619
   Telephone:  (213) 312-2000
4  Facsimile:  (213) 312-2001
   Email:     arnold.sklar@rmkb.com
5  Email:     ernest.price@rmkb.com

6  Attorneys for Defendants AMERICAN PACIFIC
   PLASTIC FABRICATORS, INC., a California
7  corporation; and ARTHUR HOCHSCHILD, III

8

9               **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11  GEODATA SYSTEMS                    CASE NO.  2:15-CV-04125-VAP (JEM)
    MANAGEMENT, INC.,
12  an Ohio Corporation,               *Hon. Virginia A. Phillips*
                                       *Courtroom 780 – Roybal Bldg.*
13          Plaintiff,

14  v.                                 **DEFENDANTS' MEMORANDUM
                                       OF ADMISSABILITY OF
15  AMERICAN PACIFIC PLASTIC           CRIMINAL CONVICTION IN
    FABRICATORS, INC., a California    RESPONSE TO PLAINTIFF**
16  Corporation; HY ZORNES, an
    individual; and ARTHUR            **Trial Date: November 8, 2016**
17  HOCHSCHILD, III, an individual,

18          Defendants.

19

20         Defendants expect Plaintiff's case at trial will be grounded largely on Mr.

21  Jackim's testimony without documentary support.  Bruce Jackim is the president of

22  Plaintiff GeoData Systems Management.  He assaulted a police officer and resisted

23  arrest during a business transaction at a big box chain store in Ohio.  He was

24  ultimately convicted of the incident in 2008.  Plaintiff seeks to exclude this

25  evidence.  Dkt # 242.  Plaintiff' opposition is incorrect and devoid of genuine

26  analysis.

27         The testimony is relevant: it is admissible for impeachment.  The testimony

28  is not sought to annoy, oppress, or embarrass.

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

4822-8681-4523.3                    - 1 -        MEMORANDUM RE ADMISSABILITY
                                                 OF CRIMINAL CONVICTION

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

### A.    Jackim's felony convictions must be admitted

Federal Rules of Evidence ("FRE") Rule 609 governs impeachment by evidence of a prior criminal conviction.

Mr. Jackim was convicted of assault on a police officer, Ohio Revised Code 2903.13.  Plaintiff's Brief (Dkt # 242), Exhibit. C.

Plaintiff does not favor the Court with the applicable Ohio statutes or explain the basis for asserting a maximum prison term of 12 months for Jackim's crime. Plaintiff is wrong.  The Ohio Revised Code provides that assault when on a police officer is a **fourth degree** felony.  ORC 2903.13(C)(5): "If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, a firefighter … while in the performance of their official duties, assault is a felony of the fourth degree."  See Exhibit 1—a true and correct copy of ORC § 2903.13 as published by Lexis.

"For a felony of the **fourth degree**, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months."  ORC 2929.14(A)(4) [emphasis added]. See Exhibit 2—a true and correct copy of ORC § 2929.14 as published by Lexis.  Contrary to Plaintiff's contention, twelve months is not the maximum sentence for the assault on a peace officer committed by Jackim.  Rule 609(a) applies.

Rule 609(a) divides crimes into two categories (1) felonies (subject to imprisonment in excess of one year) and (2) crimes involving dishonesty or false statement.  **Any felony**, whether or not it involves moral turpitude, may be used to impeach.  *United States v. White*, 463 F.2d 18, 20 (9th Cir. 1972) (citing *Burq v. United States*, 406 F.2d 235 (9th Cir. 1969)).  It does not matter that Mr. Jackim did not serve jail time; under Rule 609(1)(A) the evidence must be admitted if the crime was *punishable* by imprisonment of one year or more (the Rule does *not* state, if the person was actually imprisoned for one year or more).

For felony convictions, such as Mr. Jackim's conviction, **the court *must***

**MEMORANDUM RE ADMISSABILITY
OF CRIMINAL CONVICTION**

1  **admit evidence of felony conviction in a civil case**, subject to FRE Rule 403,

2  infra.  Rule 609(a)(1)(A).

3  **B.**    **Mr. Jackim's conviction is not more than 10 years old**

4  If a felony conviction is more than 10 years ago there is a somewhat different

5  hurdle to admissibility.  FRE 609(b), infra.  However, Rule 609(b) does not apply

6  because the conviction is <u>not</u> more than 10 years ago.  The time is measured from a

7  conviction, FRE 609(b), not from the commission of the crime or the start of trial.

8  From Mr. Jackim's position in an earlier discovery motion concerning

9  deposition testimony of the conviction, and the exhibits to Plaintiff's Brief Jackim's

10  original conviction was in 2005 and Mr. Jackim subsequently appealed; the

11  conviction was reversed and remanded for a new trial.  The 2005 conviction was

12  reversed—therefore it was not a conviction.  Mr. Jackim was retried and convicted

13  in October, 2008.  The conviction in 2008 is less than 10 years ago (FRE 609(b):

14  "If more than 10 years have passed *since the conviction* …).

15  **C.**    **The probative value is not outweighed by prejudice**

16  Admissibility under Rule 609(a)(1)(A) is subject to Rule 403, by which the

17  court may exclude evidence of the conviction if its probative value is substantially

18  outweighed by a danger of, for example, prejudice or confusion.

19  Plaintiff's unsupported, conclusory assertions that evidence of the conviction

20  is not probative and/or may cause prejudice, should be disregarded entirely.

21  **1.**    **The evidence is probative**

22  The crime, assault on a police officer and resisting arrest, occurred in

23  connection with a business transaction: how much refund he was entitled to when

24  he returned a purchase at Sam's Club.  The crime and the circumstances show that

25  Mr. Jackim considers himself correct regardless of the reality, that during business

26  transactions he reacts unreasonably and in a hostile manner when confronted with

27  circumstances with which he disagrees, and he has little or no respect for legal

28  authority.  Such an episode may reflect his business dealings with Defendant APPF;

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

MEMORANDUM RE ADMISSABILITY
OF CRIMINAL CONVICTION

1  thus it is probative to his credibility in this case.

2        Admittedly, assault and resisting arrest do not have much to do with the

3  validity or ownership of a trademark, but Rule 609 does not, by any stretch, require

4  that the felony be related to the subject matter of the civil case.  Such a requirement

5  would swallow the Rule.

6        Plaintiff also claims interference with business advantage, and assaulting a

7  police officer and resisting arrest do have to do with.  The confrontation in the

8  circumstance of a retail purchase return, is evidence that Mr. Jackim disrespects

9  potential customers that do not agree to buy from him—a factor in why potential

10  and/or former customers of GeoData wished to buy from APPF instead of GeoData.

### 2.     Plaintiff has not shown prejudice

12        Plaintiff has not shown prejudice that *substantially* outweighs the value of the

13  evidence.  Rule 403 may exclude evidence if prejudice **substantially** outweighs

14  probative value.  Evidence that hurts Plaintiff's case is not prejudice.

15        "Prejudice does not mean that the defendant's case is merely damaged,

16        for the more probative the evidence is, the more damaging it is apt to

17        be.  Nor does prejudice necessarily mean that emotions will not enter

18        the jury deliberations.  Rather, prejudice outweighs probative value

19        where the facts arouse the jury's feelings for one side without regard

20        the probative value of the evidence, or in other words, if the jury is

21        basing its decision on something other than the established facts and

22        legal propositions in the case.

23  *U.S. v. Bowen*, 857 F.2d 1337, 1342 (1988).  Jackim's conviction is not one for an

24  emotionally charged crime such as, for example, child pornography or sex

25  trafficking.  There is no reason to believe Jackim's criminal conviction will lead the

26  jury to a decision based on emotion rather than facts.  The usual danger of prejudice

27  guarded against by Rule 403 is evidence that would render the jury incapable of

28  engaging in rational thought and analysis.  Rule 403, Advisory Commission Note

**MEMORANDUM RE ADMISSIBILITY
OF CRIMINAL CONVICTION**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1   ("'Unfair prejudice' within its context means an undue tendency to suggest decision
2   on an improper basis, commonly, though not necessarily, an emotional one").

3       Plaintiff's mere assertion of prejudice is not reason enough to exclude the
4   evidence of Jackim's felony conviction.  Any evidence "could" influence the jury's
5   decision," and the losing party will always think it unfair.  *That is not prejudice.*

6       Lastly, if the conviction was more than 10 years ago (<u>which it is not</u>, supra)
7   by FRE Rule 609(b) "[e]vidence of the conviction is admissible only if:

8       (1) its probative value, supported by specific facts and circumstances,
9       substantially outweighs its prejudicial effect; and
10      (2) the proponent gives an adverse party reasonable written notice of the
11      intent to use it so that the party has a fair opportunity to contest its use."
12  The difference between Rule 609(a) and 609(b) is, essentially, which party has to
13  show that prejudice substantially outweighs probative value.

14      As discussed above, there is no prejudice.  There is significant value to the
15  evidence of Jackim's criminal conviction.  In the absence of prejudice, the
16  probative value need only be minimal, and here the value is more than minimal.

17      **D.    <u>Conclusion</u>**
18      Plaintiff's desire to keep from the jury probative evidence for impeachment
19  is typical, but wrong.  The evidence of Jackim's criminal conviction is in fact
20  admissible.

21                              Respectfully submitted,
22  DATED:  November 7, 2016
                                ROPERS, MAJESKI, KOHN & ENTLEY
23
24                              By:   /s/ Ernest E. Price
                                      ERNEST PRICE
25                                    ARNOLD E. SKLAR
                                      Attorneys for AMERICAN PACIFIC
26                                    PLASTIC FABRICATORS, INC.,
                                      and ARTHUR HOCHSCHILD, III
27
28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**EXHIBIT "1"**

Lexis®

Switch Client | Preferences | Help | Sign Out

| Search | Get a Document | *Shepard's®* | More | | History | Alerts |

FOCUS™ Terms [                    ] Search Within Original Results (1 - 50) ▾ Go    Advanced…

View Tutorial

Source:  **Legal > States Legal - U.S. > Ohio > Find Statutes, Regulations, Administrative Materials & Court Rules > OH - Ohio Statutes, Constitution, Court Rules & ALS, Combined** ⓘ
TOC:  Ohio Statutes, Constitution, Court Rules & ALS, Combined > Title 29: Crimes -- Procedure > Chapter 2903: Homicide and Assault > Assault > § 2903.13 Assault.
Terms:  **2903.13** (Suggest Terms for My Search)

↰Select for FOCUS™ or Delivery
☐

*ORC Ann. 2903.13*

⤴ **Practitioner's Toolbox**    ❓ ▭ ▸

Page's Ohio Revised Code Annotated
Copyright © 2016 Matthew Bender & Company, Inc., a
member of the LexisNexis Group.
All rights reserved.

⬇ **Case Notes**

⬇ **Section Notes**

*** Current with Legislation passed by the 131st General Assembly and filed with the Secretary
of State through file 123 (HB 483). ***

Title 29:  Crimes -- Procedure
Chapter 2903:  Homicide and Assault
Assault

**Go to the Ohio Code Archive Directory**

ORC Ann. **2903.13**  (2016)

**§ 2903.13  Assault.**

**(A)** No person shall knowingly cause or attempt to cause physical harm to another or to another's
unborn.

**(B)** No person shall recklessly cause serious physical harm to another or to another's unborn.

**(C) (1)** Whoever violates this section is guilty of assault, and the court shall sentence the
offender as provided in this division and divisions (C)(1), (2), (3), (4), (5), (6), (7), (8), (9), and
(10) of this section. Except as otherwise provided in division (C)(2), (3), (4), (5), (6), (7), (8), or
(9) of this section, assault is a misdemeanor of the first degree.

   **(2)** Except as otherwise provided in this division, if the offense is committed by a caretaker
against a functionally impaired person under the caretaker's care, assault is a felony of the fourth
degree. If the offense is committed by a caretaker against a functionally impaired person under
the caretaker's care, if the offender previously has been convicted of or pleaded guilty to a
violation of this section or section 2903.11 or 2903.16 of the Revised Code, and if in relation to
the previous conviction the offender was a caretaker and the victim was a functionally impaired
person under the offender's care, assault is a felony of the third degree.

   **(3)** If the offense occurs in or on the grounds of a state correctional institution or an

institution of the department of youth services, the victim of the offense is an employee of the department of rehabilitation and correction or the department of youth services, and the offense is committed by a person incarcerated in the state correctional institution or by a person institutionalized in the department of youth services institution pursuant to a commitment to the department of youth services, assault is a felony of the third degree.

(4) If the offense is committed in any of the following circumstances, assault is a felony of the fifth degree:

(a) The offense occurs in or on the grounds of a local correctional facility, the victim of the offense is an employee of the local correctional facility or a probation department or is on the premises of the facility for business purposes or as a visitor, and the offense is committed by a person who is under custody in the facility subsequent to the person's arrest for any crime or delinquent act, subsequent to the person's being charged with or convicted of any crime, or subsequent to the person's being alleged to be or adjudicated a delinquent child.

(b) The offense occurs off the grounds of a state correctional institution and off the grounds of an institution of the department of youth services, the victim of the offense is an employee of the department of rehabilitation and correction, the department of youth services, or a probation department, the offense occurs during the employee's official work hours and while the employee is engaged in official work responsibilities, and the offense is committed by a person incarcerated in a state correctional institution or institutionalized in the department of youth services who temporarily is outside of the institution for any purpose, by a parolee, by an offender under transitional control, under a community control sanction, or on an escorted visit, by a person under post-release control, or by an offender under any other type of supervision by a government agency.

(c) The offense occurs off the grounds of a local correctional facility, the victim of the offense is an employee of the local correctional facility or a probation department, the offense occurs during the employee's official work hours and while the employee is engaged in official work responsibilities, and the offense is committed by a person who is under custody in the facility subsequent to the person's arrest for any crime or delinquent act, subsequent to the person being charged with or convicted of any crime, or subsequent to the person being alleged to be or adjudicated a delinquent child and who temporarily is outside of the facility for any purpose or by a parolee, by an offender under transitional control, under a community control sanction, or on an escorted visit, by a person under post-release control, or by an offender under any other type of supervision by a government agency.

(d) The victim of the offense is a school teacher or administrator or a school bus operator, and the offense occurs in a school, on school premises, in a school building, on a school bus, or while the victim is outside of school premises or a school bus and is engaged in duties or official responsibilities associated with the victim's employment or position as a school teacher or administrator or a school bus operator, including, but not limited to, driving, accompanying, or chaperoning students at or on class or field trips, athletic events, or other school extracurricular activities or functions outside of school premises.

(5) If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree.

(6) If the victim of the offense is a peace officer or an investigator of the bureau of criminal identification and investigation and if the victim suffered serious physical harm as a result of the commission of the offense, assault is a felony of the fourth degree, and the court, pursuant to division (F) of section 2929.13 of the Revised Code, shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the fourth degree that is at least twelve months in duration.

(7) If the victim of the offense is an officer or employee of a public children services agency

or a private child placing agency and the offense relates to the officer's or employee's performance or anticipated performance of official responsibilities or duties, assault is either a felony of the fifth degree or, if the offender previously has been convicted of or pleaded guilty to an offense of violence, the victim of that prior offense was an officer or employee of a public children services agency or private child placing agency, and that prior offense related to the officer's or employee's performance or anticipated performance of official responsibilities or duties, a felony of the fourth degree.

(8) If the victim of the offense is a health care professional of a hospital, a health care worker of a hospital, or a security officer of a hospital whom the offender knows or has reasonable cause to know is a health care professional of a hospital, a health care worker of a hospital, or a security officer of a hospital, if the victim is engaged in the performance of the victim's duties, and if the hospital offers de-escalation or crisis intervention training for such professionals, workers, or officers, assault is one of the following:

(a) Except as otherwise provided in division (C)(8)(b) of this section, assault committed in the specified circumstances is a misdemeanor of the first degree. Notwithstanding the fine specified in division (A)(2)(b) of section 2929.28 of the Revised Code for a misdemeanor of the first degree, in sentencing the offender under this division and if the court decides to impose a fine, the court may impose upon the offender a fine of not more than five thousand dollars.

(b) If the offender previously has been convicted of or pleaded guilty to one or more assault or homicide offenses committed against hospital personnel, assault committed in the specified circumstances is a felony of the fifth degree.

(9) If the victim of the offense is a judge, magistrate, prosecutor, or court official or employee whom the offender knows or has reasonable cause to know is a judge, magistrate, prosecutor, or court official or employee, and if the victim is engaged in the performance of the victim's duties, assault is one of the following:

(a) Except as otherwise provided in division (C)(8)(b) of this section, assault committed in the specified circumstances is a misdemeanor of the first degree. In sentencing the offender under this division, if the court decides to impose a fine, notwithstanding the fine specified in division (A)(2)(b) of section 2929.28 of the Revised Code for a misdemeanor of the first degree, the court may impose upon the offender a fine of not more than five thousand dollars.

(b) If the offender previously has been convicted of or pleaded guilty to one or more assault or homicide offenses committed against justice system personnel, assault committed in the specified circumstances is a felony of the fifth degree.

(10) If an offender who is convicted of or pleads guilty to assault when it is a misdemeanor also is convicted of or pleads guilty to a specification as described in section 2941.1423 of the Revised Code that was included in the indictment, count in the indictment, or information charging the offense, the court shall sentence the offender to a mandatory jail term as provided in division (G) of section 2929.24 of the Revised Code.

If an offender who is convicted of or pleads guilty to assault when it is a felony also is convicted of or pleads guilty to a specification as described in section 2941.1423 of the Revised Code that was included in the indictment, count in the indictment, or information charging the offense, except as otherwise provided in division (C)(6) of this section, the court shall sentence the offender to a mandatory prison term as provided in division (B)(8) of section 2929.14 of the Revised Code.

(D) As used in this section:

(1) "Peace officer" has the same meaning as in section 2935.01 of the Revised Code.

(2) "Firefighter" has the same meaning as in section 3937.41 of the Revised Code.

**(3)** "Emergency medical service" has the same meaning as in section 4765.01 of the Revised Code.

**(4)** "Local correctional facility" means a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, a minimum security jail established under section 341.23 or 753.21 of the Revised Code, or another county, multicounty, municipal, municipal-county, or multicounty-municipal facility used for the custody of persons arrested for any crime or delinquent act, persons charged with or convicted of any crime, or persons alleged to be or adjudicated a delinquent child.

**(5)** "Employee of a local correctional facility" means a person who is an employee of the political subdivision or of one or more of the affiliated political subdivisions that operates the local correctional facility and who operates or assists in the operation of the facility.

**(6)** "School teacher or administrator" means either of the following:

**(a)** A person who is employed in the public schools of the state under a contract described in section 3311.77 or 3319.08 of the Revised Code in a position in which the person is required to have a certificate issued pursuant to sections 3319.22 to 3319.311 of the Revised Code.

**(b)** A person who is employed by a nonpublic school for which the state board of education prescribes minimum standards under section 3301.07 of the Revised Code and who is certificated in accordance with section 3301.071 of the Revised Code.

**(7)** "Community control sanction" has the same meaning as in section 2929.01 of the Revised Code.

**(8)** "Escorted visit" means an escorted visit granted under section 2967.27 of the Revised Code.

**(9)** "Post-release control" and "transitional control" have the same meanings as in section 2967.01 of the Revised Code.

**(10)** "Investigator of the bureau of criminal identification and investigation" has the same meaning as in section 2903.11 of the Revised Code.

**(11)** "Health care professional" and "health care worker" have the same meanings as in section 2305.234 of the Revised Code.

**(12)** "Assault or homicide offense committed against hospital personnel" means a violation of this section or of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.041, 2903.11, 2903.12, or 2903.14 of the Revised Code committed in circumstances in which all of the following apply:

**(a)** The victim of the offense was a health care professional of a hospital, a health care worker of a hospital, or a security officer of a hospital.

**(b)** The offender knew or had reasonable cause to know that the victim was a health care professional of a hospital, a health care worker of a hospital, or a security officer of a hospital.

**(c)** The victim was engaged in the performance of the victim's duties.

**(d)** The hospital offered de-escalation or crisis intervention training for such professionals, workers, or officers.

**(13)** "De-escalation or crisis intervention training" means de-escalation or crisis intervention training for health care professionals of a hospital, health care workers of a hospital, and security officers of a hospital to facilitate interaction with patients, members of a patient's family, and visitors, including those with mental impairments.

**(14)** "Assault or homicide offense committed against justice system personnel" means a violation of this section or of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.041, 2903.11, 2903.12, or 2903.14 of the Revised Code committed in circumstances in which the victim of the offense was a judge, magistrate, prosecutor, or court official or employee whom the offender knew or had reasonable cause to know was a judge, magistrate, prosecutor, or court official or employee, and the victim was engaged in the performance of the victim's duties.

**(15)** "Court official or employee" means any official or employee of a court created under the constitution or statutes of this state or of a United States court located in this state.

**(16)** "Judge" means a judge of a court created under the constitution or statutes of this state or of a United States court located in this state.

**(17)** "Magistrate" means an individual who is appointed by a court of record of this state and who has the powers and may perform the functions specified in Civil Rule 53, Criminal Rule 19, or Juvenile Rule 40, or an individual who is appointed by a United States court located in this state who has similar powers and functions.

**(18)** "Prosecutor" has the same meaning as in section 2935.01 of the Revised Code.

**(19) (a)** "Hospital" means, subject to division (D)(19)(b) of this section, an institution classified as a hospital under section 3701.01 of the Revised Code in which are provided to patients diagnostic, medical, surgical, obstetrical, psychiatric, or rehabilitation care or a hospital operated by a health maintenance organization.

**(b)** "Hospital" does not include any of the following:

**(i)** A facility licensed under Chapter 3721. of the Revised Code, a health care facility operated by the department of mental health or the department of developmental disabilities, a health maintenance organization that does not operate a hospital, or the office of any private, licensed health care professional, whether organized for individual or group practice;

**(ii)** An institution for the sick that is operated exclusively for patients who use spiritual means for healing and for whom the acceptance of medical care is inconsistent with their religious beliefs, accredited by a national accrediting organization, exempt from federal income taxation under section 501 of the "Internal Revenue Code of 1986," 100 Stat. 2085, 26 U.S.C. 1, as amended, and providing twenty-four-hour nursing care pursuant to the exemption in division (E) of section 4723.32 of the Revised Code from the licensing requirements of Chapter 4723. of the Revised Code.

**(20)** "Health maintenance organization" has the same meaning as in section 3727.01 of the Revised Code.

⌅ **History:**
134 v H 511 (Eff 1-1-74); 142 v H 642 (Eff 3-17-89); 144 v H 561 (Eff 4-9-93); 145 v S 116 (Eff 9-29-94); 145 v H 571 (Eff 10-6-94); 146 v H 614 (Eff 6-16-96); 146 v S 2 (Eff 7-1-96); 146 v S 239 (Eff 9-6-96); 146 v H 480 (Eff 10-16-96); 147 v H 106 (Eff 11-21-97); 147 v S 111 (Eff 3-17-98); 148 v S 1 (Eff 8-6-99); 148 v S 142 (Eff 2-3-2000); 148 v H 412. Eff 4-10-2001; 149 v H 490, § 1, eff. 1-1-04; 151 v H 347, § 1, eff. 3-14-07; 152 v H 280, § 1, eff. 4-7-09; 2011 HB 86, § 1, eff. Sept. 30, 2011; 2012 HB 525, § 1, eff. Oct. 1, 2012; 2012 HB 62, § 1, eff. Mar. 22, 2013; 2013 HB 59, § 101.01, eff. Sept. 29, 2013.

⌅ **Section Notes:**

Editor's Notes

Acts 2013, HB 59, § 815.10 provides: "The General Assembly, applying the principle stated in division (B) of section 1.52 of the Revised Code that amendments are to be harmonized if reasonably capable of simultaneous operation, finds that the following sections, presented in this act as composites of the sections as amended by the acts indicated, are the resulting versions of the sections in effect prior to the effective date of the sections as presented in this act:

"Section **2903.13** of the Revised Code as amended by both Sub. H.B. 525 and Am. Sub. H.B. 62 of the 129th General Assembly."

Governor Taft's veto of HB 347 was overridden by the Ohio General Assembly.

Amendment Notes

The 2013 amendment, in (C)(1), substituted "divisions (C)(1), (2), (3), (4), (5), (6), (7), (8), (9), and (10)" for "divisions (C)(1), (2), (3), (4), (5), (6), (7), (8), and (9)" in the first sentence and "division (C)(2), (3), (4), (5), (6), (7), (8), or (9)" for "division (C)(2), (3), (4), (5), (6), (7), or (8)" in the second sentence; inserted (C)(3); redesignated former (C)(3) through (C)(9) and (C)(4)(b) through (C)(4)(e) as (C)(4) through (C)(10) and (C)(4)(a) through (C)(4)(d); deleted (C)(4)(a); and made stylistic changes.

The 2012 amendment by HB 62, added the (C)(1) designation; redesignated former (C)(1) through (C)(6) as (C)(2) through (C)(6) and (C)(9); in present (C)(1), substituted "divisions (C)(1), (2), (3), (4), (5), (6), (7), (8), and (9)" for "divisions (C)(1), (2), (3), (4), (5), and (6)" in the first sentence and substituted "division (C), (2), (3), (4), (5), (6), (7), or (8)" for "division (C)(1), (2), (3), (4), or (5)" in the second sentence; inserted (C)(7) and (C)(8); added (D)(11) through (D)(20); and made a stylistic change.

The 2012 amendment by HB 525, substituted "section 3311.77 or 3319.08" for "section 3319.08" in (D)(6)(a).

The 2011 amendment substituted "division (B)(8)" for "division (D)(8)" in the second paragraph of (C)(6).

152 v H 280, effective April 7, 2009, in the introductory paragraph of (C), added the language beginning "and the court shall" to the end of the first sentence; and added (C)(6).

151 v H 347, effective March 14, 2007, inserted "or an investigator of the bureau of criminal identification and investigation" in (C)(3) and (4); and added (D)(10).

**1974 Committee Comment to H 511**

This section prohibits simple assault and simple battery in the traditional sense. It expands upon former law, however, by including within its purview reckless actions which result in serious physical harm to another.

Assault is a misdemeanor of the first degree.

**Related Statutes & Rules:**

Penalties for felony, RC § 2929.11 et seq.; misdemeanor, RC § 2929.21.

Amount of bail, RC § 2937.23

Assault defined as offense of violence, RC § 2901.01.

**EXHIBIT "2"**

Get a Document - by Citation - ORC Ann. 2929.14

# Lexis®

Switch Client | Preferences | Help | Sign Out

| Search | Get a Document | *Shepard's®* | More | | History | Alerts |
|--------|----------------|-------------|------|--|---------|--------|

FOCUS™ Terms [                    ] Go    Advanced...

Get a Document [            ] Go                                    View Tutorial

Service: **Get by LEXSTAT®**
TOC: Page's Ohio Revised Code Annotated > Title 29: Crimes -- Procedure > Chapter 2929: Penalties and Sentencing > Penalties for Felony > **§ 2929.14 Basic prison terms.**
Citation: **ORC Ann. 2929.14**

*ORC Ann. 2929.14*

**⁴Practitioner's Toolbox**    [?] [▢]ᵇ

Page's Ohio Revised Code Annotated
Copyright © 2016 Matthew Bender & Company, Inc., a member of the LexisNexis Group.
All rights reserved.

⬇ **Case Notes**

⬇ **Section Notes**

*** Current with Legislation passed by the 131st General Assembly and filed with the Secretary of State through file 123 (HB 483). ***

Title 29:  Crimes -- Procedure
Chapter 2929:  Penalties and Sentencing
Penalties for Felony

**Go to the Ohio Code Archive Directory**

ORC Ann. 2929.14  (2016)

## § 2929.14  Basic prison terms.

**(A)** Except as provided in division (B)(1), (B)(2), (B)(3), (B)(4), (B)(5), (B)(6), (B)(7), (B)(8), (E), (G), (H), (J), or (K) of this section or in division (D)(6) of section 2919.25 of the Revised Code and except in relation to an offense for which a sentence of death or life imprisonment is to be imposed, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following:

   **(1)** For a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years.

   **(2)** For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.

   **(3)  (a)** For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

      **(b)** For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

**(4)** For a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.

**(5)** For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months.

**(B) (1) (a)** Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.141, 2941.144, or 2941.145 of the Revised Code, the court shall impose on the offender one of the following prison terms:

**(i)** A prison term of six years if the specification is of the type described in division (A) of section 2941.144 of the Revised Code that charges the offender with having a firearm that is an automatic firearm or that was equipped with a firearm muffler or suppressor on or about the offender's person or under the offender's control while committing the offense;

**(ii)** A prison term of three years if the specification is of the type described in division (A) of section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense;

**(iii)** A prison term of one year if the specification is of the type described in division (A) of section 2941.141 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense;

**(iv)** A prison term of nine years if the specification is of the type described in division (D) of section 2941.144 of the Revised Code that charges the offender with having a firearm that is an automatic firearm or that was equipped with a firearm muffler or suppressor on or about the offender's person or under the offender's control while committing the offense and specifies that the offender previously has been convicted of or pleaded guilty to a specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, or 2941.1412 of the Revised Code;

**(v)** A prison term of fifty-four months if the specification is of the type described in division (D) of section 2941.145 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using the firearm to facilitate the offense and that the offender previously has been convicted of or pleaded guilty to a specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, or 2941.1412 of the Revised Code;

**(vi)** A prison term of eighteen months if the specification is of the type described in division (D) of section 2941.141 of the Revised Code that charges the offender with having a firearm on or about the offender's person or under the offender's control while committing the offense and that the offender previously has been convicted of or pleaded guilty to a specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, or 2941.1412 of the Revised Code.

**(b)** If a court imposes a prison term on an offender under division (B)(1)(a) of this section, the prison term shall not be reduced pursuant to section 2967.19, section 2929.20, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. Except as provided in division (B)(1)(g) of this section, a court shall not impose more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction.

**(c) (i)** Except as provided in division (B)(1)(e) of this section, if an offender who is

convicted of or pleads guilty to a violation of section 2923.161 of the Revised Code or to a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another, also is convicted of or pleads guilty to a specification of the type described in division (A) of section 2941.146 of the Revised Code that charges the offender with committing the offense by discharging a firearm from a motor vehicle other than a manufactured home, the court, after imposing a prison term on the offender for the violation of section 2923.161 of the Revised Code or for the other felony offense under division (A), (B)(2), or (B)(3) of this section, shall impose an additional prison term of five years upon the offender that shall not be reduced pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code.

(ii) Except as provided in division (B)(1)(e) of this section, if an offender who is convicted of or pleads guilty to a violation of section 2923.161 of the Revised Code or to a felony that includes, as an essential element, purposely or knowingly causing or attempting to cause the death of or physical harm to another, also is convicted of or pleads guilty to a specification of the type described in division (C) of section 2941.146 of the Revised Code that charges the offender with committing the offense by discharging a firearm from a motor vehicle other than a manufactured home and that the offender previously has been convicted of or pleaded guilty to a specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, or 2941.1412 of the Revised Code, the court, after imposing a prison term on the offender for the violation of section 2923.161 of the Revised Code or for the other felony offense under division (A), (B)(2), or (3) of this section, shall impose an additional prison term of ninety months upon the offender that shall not be reduced pursuant to section 2929.20, 2967.19, 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code.

(iii) A court shall not impose more than one additional prison term on an offender under division (B)(1)(c) of this section for felonies committed as part of the same act or transaction. If a court imposes an additional prison term on an offender under division (B)(1)(c) of this section relative to an offense, the court also shall impose a prison term under division (B)(1)(a) of this section relative to the same offense, provided the criteria specified in that division for imposing an additional prison term are satisfied relative to the offender and the offense.

(d) If an offender who is convicted of or pleads guilty to an offense of violence that is a felony also is convicted of or pleads guilty to a specification of the type described in section 2941.1411 of the Revised Code that charges the offender with wearing or carrying body armor while committing the felony offense of violence, the court shall impose on the offender a prison term of two years. The prison term so imposed, subject to divisions (C) to (I) of section 2967.19 of the Revised Code, shall not be reduced pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. A court shall not impose more than one prison term on an offender under division (B)(1)(d) of this section for felonies committed as part of the same act or transaction. If a court imposes an additional prison term under division (B)(1)(a) or (c) of this section, the court is not precluded from imposing an additional prison term under division (B)(1)(d) of this section.

(e) The court shall not impose any of the prison terms described in division (B)(1)(a) of this section or any of the additional prison terms described in division (B)(1)(c) of this section upon an offender for a violation of section 2923.12 or 2923.123 of the Revised Code. The court shall not impose any of the prison terms described in division (B)(1)(a) or (b) of this section upon an offender for a violation of section 2923.122 that involves a deadly weapon that is a firearm other than a dangerous ordnance, section 2923.16, or section 2923.121 of the Revised Code. The court shall not impose any of the prison terms described in division (B)(1)(a) of this section or any of the additional prison terms described in division (B)(1)(c) of this section upon an offender for a violation of section 2923.13 of the Revised Code unless all of the following apply:

(i) The offender previously has been convicted of aggravated murder, murder, or any felony of the first or second degree.

(ii) Less than five years have passed since the offender was released from prison or

http://www.lexis.com/research/retrieve?_m=861e6869d85a9c1f3ec52741ad2430b8&csvc=...  11/4/2016

post-release control, whichever is later, for the prior offense.

**(f) (i)** If an offender is convicted of or pleads guilty to a felony that includes, as an essential element, causing or attempting to cause the death of or physical harm to another and also is convicted of or pleads guilty to a specification of the type described in division (A) of section 2941.1412 of the Revised Code that charges the offender with committing the offense by discharging a firearm at a peace officer as defined in section 2935.01 of the Revised Code or a corrections officer, as defined in section 2941.1412 of the Revised Code, the court, after imposing a prison term on the offender for the felony offense under division (A), (B)(2), or (B)(3) of this section, shall impose an additional prison term of seven years upon the offender that shall not be reduced pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code.

**(ii)** If an offender is convicted of or pleads guilty to a felony that includes, as an essential element, causing or attempting to cause the death of or physical harm to another and also is convicted of or pleads guilty to a specification of the type described in division (B) of section 2941.1412 of the Revised Code that charges the offender with committing the offense by discharging a firearm at a peace officer, as defined in section 2935.01 of the Revised Code, or a corrections officer, as defined in section 2941.1412 of the Revised Code, and that the offender previously has been convicted of or pleaded guilty to a specification of the type described in section 2941.141, 2941.144, 2941.145, 2941.146, or 2941.1412 of the Revised Code, the court, after imposing a prison term on the offender for the felony offense under division (A), (B)(2), or (3) of this section, shall impose an additional prison term of one hundred twenty-six months upon the offender that shall not be reduced pursuant to section 2929.20, 2967.19, 2967.193, or any other provision of Chapter 2967. or 5120. of the Revised Code.

**(iii)** If an offender is convicted of or pleads guilty to two or more felonies that include, as an essential element, causing or attempting to cause the death or physical harm to another and also is convicted of or pleads guilty to a specification of the type described under division (B) (1)(f) of this section in connection with two or more of the felonies of which the offender is convicted or to which the offender pleads guilty, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(f) of this section for each of two of the specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications. If a court imposes an additional prison term on an offender under division (B)(1)(f) of this section relative to an offense, the court shall not impose a prison term under division (B)(1)(a) or (c) of this section relative to the same offense.

**(g)** If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.

**(2) (a)** If division (B)(2)(b) of this section does not apply, the court may impose on an offender, in addition to the longest prison term authorized or required for the offense, an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

**(i)** The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

**(ii)** The offense of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death

or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

(iii) The court imposes the longest prison term for the offense that is not life imprisonment without parole.

(iv) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.

(v) The court finds that the prison terms imposed pursuant to division (B)(2)(a)(iii) of this section and, if applicable, division (B)(1) or (3) of this section are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present, and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.

(b) The court shall impose on an offender the longest prison term authorized or required for the offense and shall impose on the offender an additional definite prison term of one, two, three, four, five, six, seven, eight, nine, or ten years if all of the following criteria are met:

(i) The offender is convicted of or pleads guilty to a specification of the type described in section 2941.149 of the Revised Code that the offender is a repeat violent offender.

(ii) The offender within the preceding twenty years has been convicted of or pleaded guilty to three or more offenses described in division (CC)(1) of section 2929.01 of the Revised Code, including all offenses described in that division of which the offender is convicted or to which the offender pleads guilty in the current prosecution and all offenses described in that division of which the offender previously has been convicted or to which the offender previously pleaded guilty, whether prosecuted together or separately.

(iii) The offense or offenses of which the offender currently is convicted or to which the offender currently pleads guilty is aggravated murder and the court does not impose a sentence of death or life imprisonment without parole, murder, terrorism and the court does not impose a sentence of life imprisonment without parole, any felony of the first degree that is an offense of violence and the court does not impose a sentence of life imprisonment without parole, or any felony of the second degree that is an offense of violence and the trier of fact finds that the offense involved an attempt to cause or a threat to cause serious physical harm to a person or resulted in serious physical harm to a person.

(c) For purposes of division (B)(2)(b) of this section, two or more offenses committed at the same time or as part of the same act or event shall be considered one offense, and that one offense shall be the offense with the greatest penalty.

(d) A sentence imposed under division (B)(2)(a) or (b) of this section shall not be reduced pursuant to section 2929.20, section 2967.19, or section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. The offender shall serve an additional prison term imposed under this section consecutively to and prior to the prison term imposed for the underlying offense.

(e) When imposing a sentence pursuant to division (B)(2)(a) or (b) of this section, the

court shall state its findings explaining the imposed sentence.

(3) Except when an offender commits a violation of section 2903.01 or 2907.02 of the Revised Code and the penalty imposed for the violation is life imprisonment or commits a violation of section 2903.02 of the Revised Code, if the offender commits a violation of section 2925.03 or 2925.11 of the Revised Code and that section classifies the offender as a major drug offender, if the offender commits a felony violation of section 2925.02, 2925.04, 2925.05, 2925.36, 3719.07, 3719.08, 3719.16, 3719.161, 4729.37, or 4729.61, division (C) or (D) of section 3719.172, division (C) of section 4729.51, or division (J) of section 4729.54 of the Revised Code that includes the sale, offer to sell, or possession of a schedule I or II controlled substance, with the exception of marihuana, and the court imposing sentence upon the offender finds that the offender is guilty of a specification of the type described in section 2941.1410 of the Revised Code charging that the offender is a major drug offender, if the court imposing sentence upon an offender for a felony finds that the offender is guilty of corrupt activity with the most serious offense in the pattern of corrupt activity being a felony of the first degree, or if the offender is guilty of an attempted violation of section 2907.02 of the Revised Code and, had the offender completed the violation of section 2907.02 of the Revised Code that was attempted, the offender would have been subject to a sentence of life imprisonment or life imprisonment without parole for the violation of section 2907.02 of the Revised Code, the court shall impose upon the offender for the felony violation a mandatory prison term of the maximum prison term prescribed for a felony of the first degree that, subject to divisions (C) to (I) of section 2967.19 of the Revised Code, cannot be reduced pursuant to section 2929.20, section 2967.19, or any other provision of Chapter 2967. or 5120. of the Revised Code.

(4) If the offender is being sentenced for a third or fourth degree felony OVI offense under division (G)(2) of section 2929.13 of the Revised Code, the sentencing court shall impose upon the offender a mandatory prison term in accordance with that division. In addition to the mandatory prison term, if the offender is being sentenced for a fourth degree felony OVI offense, the court, notwithstanding division (A)(4) of this section, may sentence the offender to a definite prison term of not less than six months and not more than thirty months, and if the offender is being sentenced for a third degree felony OVI offense, the sentencing court may sentence the offender to an additional prison term of any duration specified in division (A)(3) of this section. In either case, the additional prison term imposed shall be reduced by the sixty or one hundred twenty days imposed upon the offender as the mandatory prison term. The total of the additional prison term imposed under division (B)(4) of this section plus the sixty or one hundred twenty days imposed as the mandatory prison term shall equal a definite term in the range of six months to thirty months for a fourth degree felony OVI offense and shall equal one of the authorized prison terms specified in division (A)(3) of this section for a third degree felony OVI offense. If the court imposes an additional prison term under division (B)(4) of this section, the offender shall serve the additional prison term after the offender has served the mandatory prison term required for the offense. In addition to the mandatory prison term or mandatory and additional prison term imposed as described in division (B)(4) of this section, the court also may sentence the offender to a community control sanction under section 2929.16 or 2929.17 of the Revised Code, but the offender shall serve all of the prison terms so imposed prior to serving the community control sanction.
  If the offender is being sentenced for a fourth degree felony OVI offense under division (G) (1) of section 2929.13 of the Revised Code and the court imposes a mandatory term of local incarceration, the court may impose a prison term as described in division (A)(1) of that section.

(5) If an offender is convicted of or pleads guilty to a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code and also is convicted of or pleads guilty to a specification of the type described in section 2941.1414 of the Revised Code that charges that the victim of the offense is a peace officer, as defined in section 2935.01 of the Revised Code, or an investigator of the bureau of criminal identification and investigation, as defined in section 2903.11 of the Revised Code, the court shall impose on the offender a prison term of five years. If a court imposes a prison term on an offender under division (B)(5) of this section, the prison term, subject to divisions (C) to (I) of section 2967.19 of the Revised Code, shall not be reduced pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of

Chapter 2967. or Chapter 5120. of the Revised Code. A court shall not impose more than one prison term on an offender under division (B)(5) of this section for felonies committed as part of the same act.

**(6)** If an offender is convicted of or pleads guilty to a violation of division (A)(1) or (2) of section 2903.06 of the Revised Code and also is convicted of or pleads guilty to a specification of the type described in section 2941.1415 of the Revised Code that charges that the offender previously has been convicted of or pleaded guilty to three or more violations of division (A) or (B) of section 4511.19 of the Revised Code or an equivalent offense, as defined in section 2941.1415 of the Revised Code, or three or more violations of any combination of those divisions and offenses, the court shall impose on the offender a prison term of three years. If a court imposes a prison term on an offender under division (B)(6) of this section, the prison term, subject to divisions (C) to (I) of section 2967.19 of the Revised Code, shall not be reduced pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code. A court shall not impose more than one prison term on an offender under division (B)(6) of this section for felonies committed as part of the same act.

**(7) (a)** If an offender is convicted of or pleads guilty to a felony violation of section 2905.01, 2905.02, 2907.21, 2907.22, or 2923.32, division (A)(1) or (2) of section 2907.323, or division (B)(1), (2), (3), (4), or (5) of section 2919.22 of the Revised Code and also is convicted of or pleads guilty to a specification of the type described in section 2941.1422 of the Revised Code that charges that the offender knowingly committed the offense in furtherance of human trafficking, the court shall impose on the offender a mandatory prison term that is one of the following:

**(i)** If the offense is a felony of the first degree, a definite prison term of not less than five years and not greater than ten years;

**(ii)** If the offense is a felony of the second or third degree, a definite prison term of not less than three years and not greater than the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code;

**(iii)** If the offense is a felony of the fourth or fifth degree, a definite prison term that is the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code.

**(b)** Subject to divisions (C) to (I) of section 2967.19 of the Revised Code, the prison term imposed under division (B)(7)(a) of this section shall not be reduced pursuant to section 2929.20, section 2967.19, section 2967.193, or any other provision of Chapter 2967. of the Revised Code. A court shall not impose more than one prison term on an offender under division (B)(7)(a) of this section for felonies committed as part of the same act, scheme, or plan.

**(8)** If an offender is convicted of or pleads guilty to a felony violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code and also is convicted of or pleads guilty to a specification of the type described in section 2941.1423 of the Revised Code that charges that the victim of the violation was a woman whom the offender knew was pregnant at the time of the violation, notwithstanding the range of prison terms prescribed in division (A) of this section for felonies of the same degree as the violation, the court shall impose on the offender a mandatory prison term that is either a definite prison term of six months or one of the prison terms prescribed in section 2929.14 of the Revised Code for felonies of the same degree as the violation.

**(C) (1) (a)** Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if

both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

**(b)** If a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(d) of this section for wearing or carrying body armor while committing an offense of violence that is a felony, the offender shall serve the mandatory term so imposed consecutively to any other mandatory prison term imposed under that division or under division (B)(1)(a) or (c) of this section, consecutively to and prior to any prison term imposed for the underlying felony under division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

**(c)** If a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(f) of this section, the offender shall serve the mandatory prison term so imposed consecutively to and prior to any prison term imposed for the underlying felony under division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

**(d)** If a mandatory prison term is imposed upon an offender pursuant to division (B)(7) or (8) of this section, the offender shall serve the mandatory prison term so imposed consecutively to any other mandatory prison term imposed under that division or under any other provision of law and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

**(2)** If an offender who is an inmate in a jail, prison, or other residential detention facility violates section 2917.02, 2917.03, or 2921.35 of the Revised Code or division (A)(1) or (2) of section 2921.34 of the Revised Code, if an offender who is under detention at a detention facility commits a felony violation of section 2923.131 of the Revised Code, or if an offender who is an inmate in a jail, prison, or other residential detention facility or is under detention at a detention facility commits another felony while the offender is an escapee in violation of division (A)(1) or (2) of section 2921.34 of the Revised Code, any prison term imposed upon the offender for one of those violations shall be served by the offender consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender.

**(3)** If a prison term is imposed for a violation of division (B) of section 2911.01 of the Revised Code, a violation of division (A) of section 2913.02 of the Revised Code in which the stolen property is a firearm or dangerous ordnance, or a felony violation of division (B) of section 2921.331 of the Revised Code, the offender shall serve that prison term consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.

**(4)** If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

**(a)** The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**(b)** At least two of the multiple offenses were committed as part of one or more courses of

conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(5) If a mandatory prison term is imposed upon an offender pursuant to division (B)(5) or (6) of this section, the offender shall serve the mandatory prison term consecutively to and prior to any prison term imposed for the underlying violation of division (A)(1) or (2) of section 2903.06 of the Revised Code pursuant to division (A) of this section or section 2929.142 of the Revised Code. If a mandatory prison term is imposed upon an offender pursuant to division (B)(5) of this section, and if a mandatory prison term also is imposed upon the offender pursuant to division (B)(6) of this section in relation to the same violation, the offender shall serve the mandatory prison term imposed pursuant to division (B)(5) of this section consecutively to and prior to the mandatory prison term imposed pursuant to division (B)(6) of this section and consecutively to and prior to any prison term imposed for the underlying violation of division (A)(1) or (2) of section 2903.06 of the Revised Code pursuant to division (A) of this section or section 2929.142 of the Revised Code.

(6) When consecutive prison terms are imposed pursuant to division (C)(1), (2), (3), (4), or (5) or division (H)(1) or (2) of this section, the term to be served is the aggregate of all of the terms so imposed.

(D)  (1) If a court imposes a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is not a felony sex offense and in the commission of which the offender caused or threatened to cause physical harm to a person, it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division. If a court imposes a sentence including a prison term of a type described in this division on or after July 11, 2006, the failure of a court to include a post-release control requirement in the sentence pursuant to this division does not negate, limit, or otherwise affect the mandatory period of post-release control that is required for the offender under division (B) of section 2967.28 of the Revised Code. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to include in the sentence pursuant to this division a statement regarding post-release control.

(2) If a court imposes a prison term for a felony of the third, fourth, or fifth degree that is not subject to division (D)(1) of this section, it shall include in the sentence a requirement that the offender be subject to a period of post-release control after the offender's release from imprisonment, in accordance with that division, if the parole board determines that a period of post-release control is necessary. Section 2929.191 of the Revised Code applies if, prior to July 11, 2006, a court imposed a sentence including a prison term of a type described in this division and failed to include in the sentence pursuant to this division a statement regarding post-release control.

(E) The court shall impose sentence upon the offender in accordance with section 2971.03 of the Revised Code, and Chapter 2971. of the Revised Code applies regarding the prison term or term of life imprisonment without parole imposed upon the offender and the service of that term of imprisonment if any of the following apply:

(1) A person is convicted of or pleads guilty to a violent sex offense or a designated homicide, assault, or kidnapping offense, and, in relation to that offense, the offender is adjudicated a sexually violent predator.

(2) A person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007, and either the court does

not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, or division (B) of section 2907.02 of the Revised Code provides that the court shall not sentence the offender pursuant to section 2971.03 of the Revised Code.

(3) A person is convicted of or pleads guilty to attempted rape committed on or after January 2, 2007, and a specification of the type described in section 2941.1418, 2941.1419, or 2941.1420 of the Revised Code.

(4) A person is convicted of or pleads guilty to a violation of section 2905.01 of the Revised Code committed on or after January 1, 2008, and that section requires the court to sentence the offender pursuant to section 2971.03 of the Revised Code.

(5) A person is convicted of or pleads guilty to aggravated murder committed on or after January 1, 2008, and division (A)(2)(b)(ii) of section 2929.022, division (A)(1)(e), (C)(1)(a)(v), (C) (2)(a)(ii), (D)(2)(b), (D)(3)(a)(iv), or (E)(1)(d) of section 2929.03, or division (A) or (B) of section 2929.06 of the Revised Code requires the court to sentence the offender pursuant to division (B)(3) of section 2971.03 of the Revised Code.

(6) A person is convicted of or pleads guilty to murder committed on or after January 1, 2008, and division (B)(2) of section 2929.02 of the Revised Code requires the court to sentence the offender pursuant to section 2971.03 of the Revised Code.

(F) If a person who has been convicted of or pleaded guilty to a felony is sentenced to a prison term or term of imprisonment under this section, sections 2929.02 to 2929.06 of the Revised Code, section 2929.142 of the Revised Code, section 2971.03 of the Revised Code, or any other provision of law, section 5120.163 of the Revised Code applies regarding the person while the person is confined in a state correctional institution.

(G) If an offender who is convicted of or pleads guilty to a felony that is an offense of violence also is convicted of or pleads guilty to a specification of the type described in section 2941.142 of the Revised Code that charges the offender with having committed the felony while participating in a criminal gang, the court shall impose upon the offender an additional prison term of one, two, or three years.

(H) (1) If an offender who is convicted of or pleads guilty to aggravated murder, murder, or a felony of the first, second, or third degree that is an offense of violence also is convicted of or pleads guilty to a specification of the type described in section 2941.143 of the Revised Code that charges the offender with having committed the offense in a school safety zone or towards a person in a school safety zone, the court shall impose upon the offender an additional prison term of two years. The offender shall serve the additional two years consecutively to and prior to the prison term imposed for the underlying offense.

(2) (a) If an offender is convicted of or pleads guilty to a felony violation of section 2907.22, 2907.24, 2907.241, or 2907.25 of the Revised Code and to a specification of the type described in section 2941.1421 of the Revised Code and if the court imposes a prison term on the offender for the felony violation, the court may impose upon the offender an additional prison term as follows:

(i) Subject to division (H)(2)(a)(ii) of this section, an additional prison term of one, two, three, four, five, or six months;

(ii) If the offender previously has been convicted of or pleaded guilty to one or more felony or misdemeanor violations of section 2907.22, 2907.23, 2907.24, 2907.241, or 2907.25 of the Revised Code and also was convicted of or pleaded guilty to a specification of the type described in section 2941.1421 of the Revised Code regarding one or more of those violations, an additional prison term of one, two, three, four, five, six, seven, eight, nine, ten, eleven, or twelve months.

**(b)** In lieu of imposing an additional prison term under division (H)(2)(a) of this section, the court may directly impose on the offender a sanction that requires the offender to wear a real-time processing, continual tracking electronic monitoring device during the period of time specified by the court. The period of time specified by the court shall equal the duration of an additional prison term that the court could have imposed upon the offender under division (H)(2)(a) of this section. A sanction imposed under this division shall commence on the date specified by the court, provided that the sanction shall not commence until after the offender has served the prison term imposed for the felony violation of section 2907.22, 2907.24, 2907.241, or 2907.25 of the Revised Code and any residential sanction imposed for the violation under section 2929.16 of the Revised Code. A sanction imposed under this division shall be considered to be a community control sanction for purposes of section 2929.15 of the Revised Code, and all provisions of the Revised Code that pertain to community control sanctions shall apply to a sanction imposed under this division, except to the extent that they would by their nature be clearly inapplicable. The offender shall pay all costs associated with a sanction imposed under this division, including the cost of the use of the monitoring device.

**(I)** At the time of sentencing, the court may recommend the offender for placement in a program of shock incarceration under section 5120.031 of the Revised Code or for placement in an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in a program of shock incarceration or an intensive program prison of that nature, or make no recommendation on placement of the offender. In no case shall the department of rehabilitation and correction place the offender in a program or prison of that nature unless the department determines as specified in section 5120.031 or 5120.032 of the Revised Code, whichever is applicable, that the offender is eligible for the placement.

If the court disapproves placement of the offender in a program or prison of that nature, the department of rehabilitation and correction shall not place the offender in any program of shock incarceration or intensive program prison.

If the court recommends placement of the offender in a program of shock incarceration or in an intensive program prison, and if the offender is subsequently placed in the recommended program or prison, the department shall notify the court of the placement and shall include with the notice a brief description of the placement.

If the court recommends placement of the offender in a program of shock incarceration or in an intensive program prison and the department does not subsequently place the offender in the recommended program or prison, the department shall send a notice to the court indicating why the offender was not placed in the recommended program or prison.

If the court does not make a recommendation under this division with respect to an offender and if the department determines as specified in section 5120.031 or 5120.032 of the Revised Code, whichever is applicable, that the offender is eligible for placement in a program or prison of that nature, the department shall screen the offender and determine if there is an available program of shock incarceration or an intensive program prison for which the offender is suited. If there is an available program of shock incarceration or an intensive program prison for which the offender is suited, the department shall notify the court of the proposed placement of the offender as specified in section 5120.031 or 5120.032 of the Revised Code and shall include with the notice a brief description of the placement. The court shall have ten days from receipt of the notice to disapprove the placement.

**(J)** If a person is convicted of or pleads guilty to aggravated vehicular homicide in violation of division (A)(1) of section 2903.06 of the Revised Code and division (B)(2)(c) of that section applies, the person shall be sentenced pursuant to section 2929.142 of the Revised Code.

**(K) (1)** The court shall impose an additional mandatory prison term of two, three, four, five, six, seven, eight, nine, ten, or eleven years on an offender who is convicted of or pleads guilty to a violent felony offense if the offender also is convicted of or pleads guilty to a specification of the type described in section 2941.1424 of the Revised Code that charges that the offender is a

violent career criminal and had a firearm on or about the offender's person or under the offender's control while committing the presently charged violent felony offense and displayed or brandished the firearm, indicated that the offender possessed a firearm, or used the firearm to facilitate the offe nse. The offender shall serve the prison term imposed under this division consecutively to and prior to the prison term imposed for the underlying offense. The prison term shall not be reduced pursuant to section 2929.20 or 2967.19 or any other provision of Chapter 2967. or 5120. of the Revised Code. A court may not impose more than one sentence under division (B)(2)(a) of this section and this division for acts committed as part of the same act or transaction.

   **(2)** As used in division (K)(1) of this section, "violent career criminal" and "violent felony offense" have the same meanings as in section 2923.132 of the Revised Code.

⚓ **History:**
 146 v S 2 (Eff 7-1-96);  146 v S 269 (Eff 7-1-96);  146 v H 88 (Eff 9-3-96);  146 v H 445 (Eff 9-3-96);  146 v H 154 (Eff 10-4-96);  146 v S 166 (Eff 10-17-96);  146 v H 180 (Eff 1-1-97);  147 v H 151 (Eff 9-16-97);  147 v H 32 (Eff 3-10-98);  147 v S 111 (Eff 3-17-98);  147 v H 2 (Eff 1-1-99);  148 v S 1 (Eff 8-6-99);  148 v H 29 (Eff 10-29-99);  148 v S 107 (Eff 3-23-2000);  148 v S 22 (Eff 5-17-2000);  148 v S 222 (Eff 3-22-2001);  149 v H 485 (Eff 6-13-2002);  149 v H 327 (Eff 7-8-2002);  149 v H 130. Eff 4-7-2003;  149 v S 123, § 1, eff. 1-1-04;  150 v H 12, §§ 1, 3, eff. 4-8-04+;  150 v H 52, § 1, eff. 6-1-04;  150 v H 163, § 1, eff. 9-23-04;  150 v H 473, § 1, eff. 4-29-05;  151 v H 95, § 1, eff. 8-3-06;  151 v H 137, § 1, eff. 7-11-06;  151 v H 137, § 3, eff. 8-3-06;  151 v S 260, § 1, eff. 1-2-07;  151 v S 281, § 1, eff. 1-4-07;  151 v H 461, § 1, eff. 4-4-07;  152 v S 10, § 1, eff. 1-1-08;  152 v S 184, § 1, eff. 9-9-08;  152 v S 220, § 1, eff. 9-30-08;  152 v H 280, § 1, eff. 4-7-09;  152 v H 130, § 1, eff. 4-7-09;  2011 HB 86, § 1, eff. Sept. 30, 2011;  2012 SB 337, § 1, eff. Sept. 28, 2012;  2014 HB 234, § 1, effective March 23, 2015;  2016 SB 97, § 1, effective Sep 14, 2016.

⚓ **Section Notes:**

Editor's Notes

Section 3, H.B. 12, Acts 2004, purported to amend the version of RC § 2929.14 as amended by S.B. 123 (149 v --), which took effect on January 1, 2004. However, H.B. 12, Acts 2004 was approved January 8, 2004, and became effective April 8, 2004.

The provisions of § 4 of HB 86 read as follows:

SECTION 4. The amendments to sections 926.99, 1333.99, 1707.99, 1716.99, 2909.03, 2909.05, 2909.11, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913.32, 2913.34, 2913.40, 2913.401, 2913.42, 2913.421, 2913.43, 2913.45, 2913.46, 2913.47, 2913.48, 2913.49, 2913.51, 2913.61, 2915.05, 2917.21, 2917.31, 2917.32, 2921.13, 2921.41, 2923.31, and 2981.07, division (B) of section 2929.13, and division (A) of section 2929.14 of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

The provisions of sections 926.99, 1333.99, 1707.99, 1716.99, 2909.03, 2909.05, 2909.11, 2913.02, 2913.03, 2913.04, 2913.11, 2913.21, 2913.31, 2913.32, 2913.34, 2913.40, 2913.401, 2913.42, 2913.421, 2913.43, 2913.45, 2913.46, 2913.47, 2913.48, 2913.49, 2913.51, 2913.61, 2915.05, 2917.21, 2917.31, 2917.32, 2921.13, 2921.41, 2923.31, and 2981.07 of the Revised Code in existence prior to the effective date of this section shall apply to a person upon whom a court imposed sentence prior to the effective date of this section for an offense specified or penalized under those sections. The amendments to sections 926.99, 1333.99, 1707.99,