

FILED
CLERK, U.S. DISTRICT COURT

NOV 8, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ___BH___ DEPUTY

# United States District Court
# Central District of California

GeoData Systems Management, Inc.
et al.,

                    Plaintiffs,

          v.

American Pacific Plastic Fabricators,
Inc. et al.,

                    Defendants.

CV 15-4125-VAP (JEMx)

## Order Granting in Part and Denying in Part Defendants' Motions in Limine one through three

On September 19, 2016, American Pacific Plastic Fabricators, Inc. ("APPF") and Arthur Hochschild, III ("Defendants") filed three motions in limine (the "Motions").  (Doc. Nos. 198–200.)  On September 26, 2016, GeoData Systems Management, Inc. ("Plaintiff") filed oppositions to each of Defendants' motions.  (Doc. Nos. 214–16.)  On October 3, 2016, Defendants filed replies to each of Plaintiff's oppositions.  (Doc. Nos. 217–19.)  After considering the papers filed in support of, and in opposition to, the Motions, the Court GRANTS the Motions in PART and DENIES the Motions in PART.

# I. MOTIONS IN LIMINE

## A. Defendants' Motion in Limine No. 1: To Exclude Evidence of any APPF Sale Except Those Which Geodata Sold to and APPF Did Not (Prior to Any GeoData sale)

For the purposes of Plaintiff's trade secret misappropriation claim, Defendants seek to exclude evidence of any of APPF's sales, other than sales to customers to which Plaintiff sold first. (Doc. No. 198 at 3–4.) As the Court granted Defendants' summary judgment motion as to Plaintiff's trade-secret-misappropriation claim, this motion is moot. (Doc. No. 226 at 26–29.) Accordingly, the Court DENIES Defendants' Motion in Limine No. 1.

## B. Defendants' Motion in Limine no. 2: To Exclude Evidence of Rejected and/or Abandoned Claims

Defendants seek to exclude any testimony or other evidence regarding Plaintiff's assertions that Defendants (1) "stole" Plaintiff's target-balloon design, (2) stole external physical attributes of Plaintiff's target balloons, (3) committed fraud, (4) violated a fiduciary duty to Plaintiff, or (5) sold unapproved products to the Defense Logistics Agency. (Doc. No. 199 at 3–4.) At the October 31, 2016 hearing, Defendants also requested the Court exclude any evidence regarding Plaintiff's customer list. Plaintiff argues such evidence should be admissible. (Doc. No. 215 at 2–5.) The Court will address each category of evidence in turn.

United States District Court
Central District of California

1.     **Evidence Regarding Plaintiff's Assertion that Defendants "Stole" Plaintiff's Target Balloon Design**

Defendants argue evidence that Defendants "stole" Plaintiff's target-balloon design should be excluded because Plaintiff's president testified he described the design to Defendant Hochschild, and thus the design could not be stolen because it was not a trade secret.  (Doc. No. 199 at 3.)   Plaintiff argues this evidence is relevant to its affirmative defense to Defendants' defamation counterclaim because Plaintiffs would use this evidence to show its alleged defamatory statements were true.  (Doc. No. 215 at 2.)

In its recent order regarding Defendants' motion for summary judgment, the Court ruled Plaintiff's target-balloon design was not a trade secret.  (Doc. No. 226 at 29.)  Thus, since there was no trade secret to steal, Plaintiff would not be able to prove a truth defense by showing Defendants "stole" Plaintiff's target-balloon design.  Accordingly, the Court GRANTS Defendants' motion in limine as to evidence regarding Plaintiff's argument that Defendants "stole" Plaintiff's target balloon design.

2.     **Evidence Regarding Plaintiff's Assertion Defendants "Stole" the "External Physical Attributes of Target Balloons Sold by" Plaintiff**

Defendants seek to exclude evidence regarding Plaintiff's argument that Defendants "stole" "external physical attributes of target balloons sold by" Plaintiff because the "external physical attributes" were open and obvious.  (Doc. No. 199 at 3.)  Plaintiff argues this evidence is relevant to Plaintiff's arguments that "[Plaintiff] and APPF share a customer base" and that "shared characteristics of the target

balloons [show Plaintiff's and APPF's] products are the same or similar."  (Doc. No. 215 at 3.)

In the Court's recent order on Defendants' motion for summary judgment, the Court ruled the "external physical attributes of target balloons sold by" Plaintiff were not trade secrets.  (Doc. No. 226 at 28–29.)  Thus, since there were no trade secrets to steal, testimony or evidence showing Defendants "stole" "external physical attributes of target balloons sold by" cannot be relevant to Plaintiff's arguments.  Accordingly, the Court GRANTS Defendants' motion as to evidence regarding Plaintiff's argument Defendants "stole" "external physical attributes of target balloons sold by" Plaintiff.

### 3.     Evidence Regarding Plaintiff's Assertion Defendants Committed Fraud

Defendants argue that as Plaintiff abandoned its fraud claim, it should not be allowed to introduce evidence concerning that claim.  (Doc. No. 199 at 3.)  Plaintiff asserts such evidence should be admissible because it is relevant to Plaintiff's affirmative defense to Defendants' defamation counterclaim.  (Doc. No. 215 at 4.)

This evidence is relevant to Plaintiff's defenses.  In Defendants' defamation claim, Defendants complain Plaintiff's CEO Bruce Jackim sent Tara Dean of the U.S. Navy an email stating, "APPF is 'NOT AUTHORIZED' to make or deliver the Killer Tomato targets and that APPF was terminated for cause for 'multiple cases of fraud' . . . . APPF was 'given an order to 'Cease and Desist' all activities . . .' and that APPF was issued a 'Cease & Desist' order due to multiple acts of fraud."  (Doc. No. 156-1 at 23–24; Doc. No. 157-5 at 91.)  Since Defendants' defamation

counterclaims rest upon Plaintiff's allegations of fraud, Plaintiff must be able to discuss these allegations to defend against Defendants' counterclaims.  Further, to present an affirmative defense of truth, Plaintiff needs to discuss the specifics of its fraud allegations to show Bruce Jackim's statements were true.

Accordingly, the Court DENIES Defendants' motion in limine as to evidence regarding Plaintiff's assertion that Defendants committed fraud.

**4.    Evidence Regarding Plaintiff's Claim that Defendants Violated a Fiduciary Duty to Plaintiff**

Defendants claim that since the Court dismissed Plaintiff's claim for breach of fiduciary duty, evidence regarding any breach of fiduciary duty should be excluded.  (Doc. No. 199 at 3–4.)  Plaintiff does not object to the exclusion of such evidence.  (Doc. No. 215 at 4.)  Accordingly, the Court finds any evidence regarding a breach of fiduciary duty is irrelevant, and the Court GRANTS Defendants' motion in limine as to evidence regarding any breach of fiduciary duty.

**5.    Evidence Regarding Plaintiff's Claims that APPF Sold Unapproved Products to the Defense Logistics Agency**

Defendants argue any evidence regarding Plaintiff's claims that APPF sold unapproved products to the Defense Logistics Agency should be excluded since the Court denied Plaintiff's request to add such a claim.  (Doc. No. 199 at 3–4.)  Plaintiff asserts such evidence is admissible because it is relevant to Plaintiff's defense against Defendants' defamation counterclaim.  (Doc. No. 215 at 4.)

5

United States District Court
Central District of California

The Court finds this evidence relevant to Plaintiff's defenses.  In Defendants' defamation counterclaim, Defendants complain Plaintiff stated: (1)  APPF is "NOT AUTHORIZED" to make or deliver the Killer Tomato targets and that APPF was terminated for cause for "multiple cases of fraud";  (2) APPF was engaged in the sale and distribution of "counterfeit" products; (3) APPF was the "sole source manufacturer" of Killer Tomato naval gunnery targets; and (4) APPF's marketing of its products under Plaintiff's NSN "is subject to criminal penalties and civil remedies under US Code."  (Doc. No. 156-1 at 23–24.)  These allegations depend, at least in part, on whether Plaintiff stated APPF sold unapproved products to the Defense Logistics Agency.  Thus, Plaintiff would need to introduce evidence of APPF's alleged sale of unapproved products to disprove these allegations or assert a truth affirmative defense.

Accordingly, the Court DENIES Defendants' motion in limine as to evidence regarding Plaintiff's claims that APPF sold unapproved products to the Defense Logistics Agency.

**6.     Evidence Regarding Plaintiff's Customer List**

Although Defendants only obliquely referred to Plaintiff's customer list in their motion in limine, at the October 31, 2016 hearing, Defendants requested all evidence regarding Plaintiff's customer list be excluded.  Defendants based their argument on (1) the Court's grant of Defendant's motion for summary judgment on Plaintiff's trade secrets misappropriation claim based on its customer list and (2) Defendants' assertion that Plaintiff did not mention the customer list in its intentional interference with prospective economic advantage ("IIEA") portion of

United States District Court
Central District of California

the second amended complaint.  Plaintiff argued the customer list is admissible because it is relevant to Plaintiff's IIEA claim.

Although Defendants argued the customer list was not mentioned in IIEA portion of Plaintiff's second amended complaint, a fair reading of the complaint shows the customer list is mentioned.  Specifically, paragraph 91 of Plaintiff's complaint alleges, "[Defendant] interfered with [Plaintiff's] prospective economic advantage by taking credit for [Plaintiff's] sales of inflatable target balloons in marketing efforts directed toward [Plaintiff's] potential customers to whom [Plaintiff] had marketed products to and with whom [Plaintiff] had negotiated sales." (Doc. No. 97 ¶ 91.)  Further, Plaintiff's memorandum of contentions of fact and law states, "Plaintiff established relationships with several customers, including Port Hueneme, which carried the probability of economic benefit. Proof of this is evidenced by the fact that 50% of Plaintiffs orders came from repeat business. Defendant had knowledge of these relationships, as Defendant was the fabricator and shipper of Plaintiffs products. Defendant intentionally and wrongfully acted to disrupt the relationships created by Plaintiff." (Doc. No. 209 at 10.)  Also, Plaintiff's portion of the proposed pretrial order states, "[i]n the course of fulfilling the order, [Plaintiff] revealed the existence of their relationship with Port Hueneme because it was a necessary disclosure in the course of their business relationship." (Doc. No. 230 at 35.)  Thus, Plaintiff's complaint, memorandum of contentions of law and fact, and portion of the proposed pretrial order show Plaintiff intended to introduce evidence regarding its customer list to prove its IIEA claim.  Further, since the customer list is relevant to a number of the elements of the IIEA claim, the Court DENIES Defendant's motion in limine as it relates to evidence regarding Plaintiff's customer list.

### C.   DEFENDANTS' MOTION IN LIMINE NO. 3: TO EXCLUDE DOCUMENTS NOT PRODUCED DURING DISCOVERY AND RELATED TESTIMONY

Defendants seek to exclude any documents not produced pursuant to Federal Rule of Civil Procedure 26(a) initial disclosures or any supplement thereto, in response to any request for documents, in response to any interrogatories, or at any deposition.  (Doc No. 200 at 3–4.)  Further, Defendants argue any testimony referring to an unproduced document should be excluded.  (Id. at 4.)  Plaintiff asserts it should be allowed to use any documents included in its opposition to Defendants' August 1, 2016 motion for summary judgment because Defendants had ample notice of these documents.  (Doc. No. 216 at 2.)  Further, Plaintiff argues it should "be permitted to introduce a document if the document and/or testimony is not something that was not requested, or if the document and/or testimony is something that was not in Plaintiff's possession, custody or control."  (Id. at 3.)

Federal Rule of Civil Procedure 37(c) states, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37.  Excluding unproduced evidence, however, is not the only remedy available for a party's failure to produce documents, and instead of excluding the evidence, "the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Id. Further, Federal Rule of Civil Procedure 26(a)(1) states, "a party must, without awaiting a discovery request, provide to the other parties" certain enumerated categories of information.  Fed. R. Civ. P. 26.

Insofar as the motion seeks to exclude evidence required to be disclosed by Federal Rule of Civil Procedure 26(a)(1), the Court GRANTS the motion, with the caveat that a party may make a motion to admit specific evidence if the failure to produce was "substantially justified or is harmless."  Fed. R. Civ. P. 37.  Plaintiff's argument that it should be allowed to introduce evidence "that was not requested" is inapplicable to disclosures required by Rule 26(a)(1), as Plaintiff was obligated to produce such documents "without awaiting a discovery request."  Fed. R. Civ. P. 26. Similarly, as to evidence Defendants requested in discovery but Plaintiff never produced, the Court GRANTS the motion.

Insofar as the motion seeks to exclude evidence never requested and not required to be produced by Rule 26(a)(1), the Court DENIES the motion, as Plaintiff was under no obligation to produce such evidence.

Defendants also seek to exclude any testimony referring to an unproduced document.  Defendants argue,

> Mr. Jackim frequently referred to understandings or agreements "that
> may have existed" via "an email" confirming "the agreement." . . . .
> However, the practical effect of such testimony is to "introduce" a
> mythical document without actually presenting the document itself

United States District Court
Central District of California

much less without having produced it during discovery.  There is no way for Defendants to test whether such a document actually exists.

(Doc. No. 200 at 4.)

Such a restriction, however, would be duplicative of safeguards already provided by hearsay and best evidence objections, which Defendants could make at trial.  Further, Defendants' proposed blanket restriction could bar testimony relevant to Plaintiff's claims and affirmative defenses.  Accordingly the Court DENIES the motion insofar as it seeks to exclude any testimony referring to an unproduced document.

## II.   CONCLUSION

For the reasons stated above, the Court DENIES Defendants' Motion in Limine No. 1 as moot.

The Court GRANTS Defendants' Motion in Limine No. 2 as to:
- evidence regarding Plaintiff's argument that Defendants "stole" Plaintiff's target balloon design;
- evidence regarding Plaintiff's argument that Defendants "stole" "external physical attributes of target balloons sold by" Plaintiff; and
- evidence regarding any breach of fiduciary duty.

The Court DENIES Defendants' Motion in Limine No. 2 as to:
- evidence regarding Plaintiff's assertion that Defendants committed fraud;

10

- evidence regarding Plaintiff's claims that APPF sold unapproved products to the Defense Logistics Agency; and
- evidence regarding Plaintiff's customer list.

The Court GRANTS Defendants' Motion in Limine No. 3 as to:

- evidence required to be disclosed by Federal Rule of Civil Procedure 26(a)(1) that Plaintiff failed to produce, with the caveat that a party may make a motion to admit specific evidence if the failure to produce was "substantially justified or is harmless"; and
- evidence requested by Defendants in discovery that Plaintiff failed to produce, with the caveat that a party may make a motion to admit specific evidence if the failure to produce was "substantially justified or is harmless."

The Court DENIES Defendants' Motion in Limine No. 3 as to:

- evidence never requested and not required to be produced by Rule 26(a)(1); and
- any testimony referring to an unproduced document.

**IT IS SO ORDERED.**

    11/8/16

Virginia A. Phillips
Chief United States District Judge